AMERICAN BANK *versus* ARIEL WALL.

To an action in the name of an insolvent bank, prosecuted by direction of the receivers against an indorser of a promissory note, the defendants filed in set-off certain bills of the bank, some of which he held when the bank failed and passed into the hands of the receivers, and the others he purchased subsequently : — *Held,*

1. That the amount of such of the bills as he held when the bank became insolvent and passed into the hands of the receivers should be allowed in set-off; but

2. That upon those purchased by him subsequently, the defendant must seek his remedy under R. S., c. 47, §§ 70, 71, 72, 73 and 74.

ON REPORT.

ASSUMPSIT against the defendant as indorser of a promissory note for $150, dated March 1, 1864. The action was brought by direction of the receivers of the bank. The defendant seasonably filed in set-off bills of the bank, amounting to $176, which bills had been filed and proved before the receivers, Aug., 1866, and their certificate given therefor. The remaining facts sufficiently appear in the opinion. The Court were to render such judgment as the legal rights of the parties require.

*J. Baker*, for the plaintiff.

*A. P. Gould, and A. G. Stinchfield*, for the defendant.

APPLETON, C. J. — The plaintiff bank is in the hands of receivers, by whose direction this suit is prosecuted for the benefit of its stockholders and creditors.

This action is on a note of hand indorsed by the defendant, who files in set-off the bills of the plaintiff bank. At the time the receivers were appointed the defendant held one hundred dollars of the plaintiff's bills, and, after their appointment, he purchased more, to the amount of seventy-six dollars. Both sums are included in the account filed in set-off.

By R. S., 1857, c. 47, § 24, — "Every bank shall receive its own bills, if offered in payment of its dues." In *South-*

*gate* v. *Sargent*, 5 Pick., 319, it is said, that bills of a bank coming into the defendant's hands, *bona fide*, before its failure, may be filed in set-off.

By R. S., c. 82, § 49,—"When a plaintiff has received notice that a demand against him has been assigned to the defendant, and has agreed to pay it to him or to receive it as payment towards his demand, before his suit was commenced, it may be set off." Now, the provision by which "every bank shall receive its own bills, if offered in payment," is equivalent to an agreement so to receive. Indeed, by accepting the charter, the bank impliedly agrees that all bills of the bank shall be received by the bank in payment of the debts of the holders. It becomes unnecessary, therefore, to consider whether or not there was any necessity to make a demand upon the bank for their payment before so filing them.

In equity it was held, in *Miller* v. *Receiver of Franklin Bank*, 1 Paige, 444, and, in the matter of the receiver of Middle District Bank, 1 Paige, 585, that the debtor had a right to offset any demands held against the bank at the time it stopped payment, and, that it was the duty of the receiver to set off the bills so held by the debtor, against the counter claims of the bank. To the same effect is the decision of the Court in *Niagara Bank* v. *Rosevelt*, 9 Cow., 404. Where one was a debtor to a State bank, and also its creditor, by holding its bills, the bank was held bound to receive its own bills in payment whether insolvent or not; but a debtor, after the bank has become insolvent, cannot purchase bills to set off against his debt. *Thorp* v. *Wegefarth*, 56 Penn., 82.

It would seem, therefore, that defendant might file in set-off the money in his hands at the time of the failure of the bank and the appointment of receivers. But, whether so or not, that sum should have been allowed by the receivers in part payment of the amount due from the defendant, and, as the bills are in their hands, it should be credited him in making up judgment.

But the bills purchased after the appointment of receivers stand upon a different footing. The receivers represent the creditors of the bank. After the bank became insolvent and receivers were appointed, its debtors could not purchase its bills at a discount wherewith to pay their indebtedness. It would be to allow all debtors to compound their debts, however solvent they may be, to the loss of the other creditors of the bank. Accordingly, by c. 47, § 75, after the appointment of receivers, all creditors must seek their remedy under the provisions of the five preceding sections and not by action. The receivers, however, may receive bills in payment of its demands if they deem it for the interests of the Bank. By § 67,—" If they think any debt cannot be collected, they may receive payment of it in the bills of the bank, or compound it on such terms as they think expedient."

But the receivers of the bank cannot deprive its debtors of rights existing before their appointment, nor does the statute intend they should. The provisions of the statute are in perfect accordance with the equities of all parties. The debtors are to be protected in their right of paying the debts due the bank with the bills in their possession at the time of its failure. After that, if they purchase bills, they hold them with the same rights as other bill holders, and receive their dividend upon them with the other creditors of the bank. *Defendant defaulted for the note in suit after deducting* $100.

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.