PHILIP D. CRISP v. JENNIE E. DUNN, ADMINISTRATRIX.

1. When one who is indebted to an insolvent estate acquires from others claims against the estate and brings an action thereon, if the representative of the estate sets off its claim against plaintiff by plea, a verdict on the issue thus made must be treated as a verdict under the "Act concerning set-off."

2. The only judgment which can be entered on such a verdict will not. accord with the intent of the legislation in respect to insolvent estates, but the verdict should not be set aside, for no plea at law can be devised that will present an issue whereon a verdict can be rendered and a judgment entered which will accord with that legislation.

3. If the representative of the estate has a remedy under such circumstances, it must be in equity.

4. *Quære.* Whether in this case the plaintiff was not entitled to offset the claims.

On rule to show cause.

The state of the case shows the following facts:

In 1891, Crisp, the plaintiff, was a partner in the firm of Fitzgibbon & Crisp. During that year he made and delivered various notes of the firm to Alexander Dunn. The notes were made for Dunn's accommodation and without consideration, except that Dunn simultaneously made and delivered to Crisp his notes and checks in exchange, for like amounts, and payable to the firm.

While these obligations were outstanding Dunn died, and defendant was appointed his administratrix. The notes which Dunn had received from Crisp had been discounted and the firm were obliged to and did pay them.

Defendant, as administratrix, procured an order to limit creditors, and Fitzgibbon & Crisp made and filed with her, within the time limited, a claim for the amount due on the notes and checks given by Dunn in exchange for the firm's notes.

Fitzgibbon thereafter required Crisp to pay the firm the money paid by it to take up the accommodation paper, and the notes and checks of Dunn given in exchange therefor were transferred to Crisp by endorsement.

This action is upon those notes and checks.

After its commencement, defendant represented to the Orphans' Court that the estate of Dunn was insolvent. After due proceedings that court decreed the estate to be insolvent.

Defendant, as administratrix, held the individual note of Crisp, given to Dunn for a valuable consideration and amounting nearly to the sum of the notes and checks sued on. Under those circumstances defendant pleaded the general issue, payment and set-off, and a special plea that no claim

had been presented within the time fixed by the rule to limit creditors. The set-off was upon the last-mentioned note.

The jury, under direction, found that Crisp owed defendant $1,232.70; that defendant, as administratrix, was indebted to Crisp in $1,291.34, and the difference of $58.64 was due to Crisp.

The *postea* showing this verdict having been signed, this rule was allowed.

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and MAGIE.

For the rule, *James S. Aitkin.*

*Contra, John H. Backes.*

The opinion of the court was delivered by

MAGIE, J. It is not contended that the verdict lacked support from the evidence.

Crisp's action was not barred by his failure to present to the administratrix a claim upon the notes and checks sued on, within the time fixed by the rule to limit creditors. The claim presented by Fitzgibbon & Crisp, then holders of the paper, avoided the bar of the decree, and Crisp, as a transferee, could maintain his action thereon. *Ryan v. Flanagan,* 9 *Vroom* 161.

The contention is that, if this verdict be allowed to stand and judgment is entered thereon, the result will be out of accord with the spirit and intent of the provisions of our legislation respecting insolvent estates and will do injustice to the creditors of the estate represented by defendant.

The representation of the insolvency of this estate and the decree which followed did not prevent Crisp's prosecution of his action against the administratrix. By the provisions of section 88 of the Orphans' Court act, such an action may be prosecuted to judgment, but no execution can be issued thereon. The judgment only fixes the sum upon which plaintiff's rata-

ble proportion of the assets of the insolvent estate is to be calculated. *Rev., p.* 772.

If Crisp's claims upon the estate are proper to be set off against the claims of the estate upon him, the verdict is obviously right.

If Crisp's claims upon the estate are not entitled to be set off against the claims of the estate upon him, then the verdict and the judgment to be entered thereon will not accord with our insolvent estate legislation, for, by its provisions, Crisp would be entitled only to a dividend from the assets upon his claims, but the estate would be entitled to enforce its claims against him to their full amount. And it is plain that no judgment can be entered on this verdict which would produce such a result. The only judgment which can be entered thereon is one in favor of Crisp for $58.64, whereon no execution can issue. Crisp will, however, be entitled to a dividend from the assets calculated upon that sum.

Defendant's contention is that Crisp's claims upon the estate are not proper subjects of set-off against the claim of the estate upon him. Her insistment is that Crisp acquired his claims after Dunn's death, and that claims so acquired cannot be used to offset debts due to an insolvent estate.

That one who is indebted to an insolvent estate may set off his own debt against claims of such an estate upon him, but cannot purchase or acquire the debts of others to the estate to set off against such claims, was conceded in the argument to be the law, and the doctrine accords with reason and the deliverances of our courts. *Bateman* v. *Connor*, 1 *Halst.* 104; *Receivers* v. *Paterson Gas Light Co.*, 3 *Zab.* 283; *Hannon* v. *Williams*, 7 *Stew. Eq.* 255.

Since one who acquires the claim of another upon an insolvent estate may bring and prosecute to judgment an action thereon, it is obvious that the representative of such an estate, holding a claim against the plaintiff in such action, is confronted with a serious dilemma. If he interposes the claim of the estate as a set-off, he brings it within the provisions of the "Act concerning set-off," and produces the result which

this case discloses; if he fails to interpose the claim as a set-off, he does so at the peril of being forever precluded from bringing any action to enforce the same. *Rev.*, *p.* 1096.

The defendant in this action, when confronted with this dilemma, chose to interpose the claim of the estate upon Crisp as an offset to his action. Issue was joined upon her plea, and the verdict she now complains of is the legal and proper answer to that issue.

But she now insists that the verdict should be set aside, in order that she may, in some way, interpose to prevent the unjust result which she claims it produces.

If defendant could interpose a plea which would raise the question she now desires to have tried, I should incline to set aside this verdict to give her that opportunity. But a successful interposition of this sort must be such as will present an issue whereon a verdict may be rendered, upon which Crisp's claims may be established by a judgment whereon no execution can issue, and the claim of the estate against him may not only be established by judgment but may be enforced by process of execution.

It is impossible to conceive of any pleading which would present such an issue or justify such a verdict and judgment. It is obvious that, in such a conjunction, there is a *casus omissus* in the legislation permitting actions at law against an insolvent estate to be prosecuted to judgment. If the representative of an insolvent estate has a remedy in respect to claims of others against that estate, purchased or acquired by one who owes the estate and upon which he brings action, it must be a remedy in equity.

The defendant did not seek such a remedy, but interposed the estate's claim as an offset. The issue she tendered has been tried, and the verdict is the legal response thereto. If the verdict be set aside, she can present no issue at law which will produce the result she seeks. Ought it to be set aside to enable her to resort to a court of equity?

In my judgment, this question must be answered in the negative.

It may be possible that equitable relief may yet be sought and obtained, if she has any equity.   *Camden Bank* v. *Green,* 18 *Stew. Eq.* 546 ; *S. C.,* 1 *Dick. Ch. Rep.* 607.

But if equitable relief cannot now be obtained without setting aside the verdict, defendant made her election when she filed her plea and ought not now to retract that election.

In my consideration of the question presented in this case, I have assumed that defendant is right in contending that Crisp's claims against the estate are not proper subjects of set-off against the note held by the estate against him.   Upon that assumption I have found no mode in which, by proceedings at law, the intent of our legislation respecting insolvent estates can be carried out.

But I deem it proper to add that the contention of defendant in this regard is open to serious question.   It is true that Crisp became the sole owner of the notes and checks on which he sued, by transfer after Dunn's death.   But the transaction between him and Dunn, by which the firm paper was exchanged for those notes and checks, may well be deemed a personal one.   Each knew that Crisp had no right to loan or exchange the firm's paper for accommodation, and that the burden of such obligations must eventually fall upon Crisp. So, when he assumed that burden and acquired Dunn's notes and checks, he acquired obligations which, though apparently given to the firm, were, in equity at least, due to Crisp for his indemnity.   I therefore incline to think that Crisp's claims against the estate were proper subjects of set-off against his note which the estate held.   I can find no equity in treating his claims as acquired from a stranger.   The opposing claims were between Crisp and Dunn and ought to be set off.

The rule should be discharged.