BERTHA E. FEICK, executrix of Charles A. Feick, complainant-
respondent,

*v.*

HILL BREAD COMPANY, defendant-appellant.

[Decided June 17th, 1918.]

Among the claims filed against an insolvent estate was a claim by a
bank on notes of the H. B. Co. endorsed by the insolvent, and also a
claim by the H. B. Co. on a note made by the insolvent for money loaned
—the H. B. Co. claimed that it had paid the insolvent on account of its
notes, and that in equity he was bound to apply the money to that pur-
pose, and that his failure to do so altered the equitable situation as be-
tween themselves and made the insolvent in equity the principal debtor ;
the only consideration for the insolvent's note to the H. B. Co. was the
cash alleged to have been paid on the H. B. Co.'s own notes.—*Held*, that
on the evidence this was a loan to the insolvent and not a payment on the
H. B. Co.'s notes, and that there was a failure to prove an equitable
situation different from what was shown on the face of the papers.

On appeal from a decree advised by Vice-Chancellor Foster.

*Mr. Waldron M. Ward (Messrs. Pitney, Hardin & Skinner),*
for the complainant-respondent.

*Mr. Frank E. Bradner,* for the defendant-appellant.

The opinion of the court was delivered by

SWAYZE, J.

Such difficulty, if any, as there may be in this case, disap-
pears when the facts are clearly apprehended. The situation is
this: Feick's estate has been decreed to be insolvent. Among
the claims filed with the executrix, which, by the adjudication
of the orphans court, are to be held and deemed as justly due

(*Comp. Stat. p. 3850 pl. 104*), are a claim by the Union National Bank and a claim by the Hill Bread Company. The claim of the bank includes a claim for the amount due on notes of the Hill Bread Company endorsed by Feick, amounting to $10,500. The rest of the bank's claim is not material to the present controversy. The claim of the bread company includes a claim on a note of $10,000 made by Feick, which is subject to a set-off of $2,500 due from the bread company to Feick, leaving $7,500 due besides some interest. The rest of the bread company's claim is not material to the present controversy. On the face of the papers, the bread company is primarily liable on the notes held by the bank; Feick's estate is liable to the bread company for the balance due on the $10,000 note after crediting the $2,500 set-off. The orphans court decreed a dividend of forty-five per cent. on each claim. The executrix paid the dividend to the bank, but refused to pay the dividend to the bread company on the ground that she was entitled to be reimbursed for what she had paid the bank in discharge of the bread company's primary liability. In this she was clearly right unless the equitable situation is not that shown on the face of the papers. The defendant undertook to prove this proposition. The claim is that the bread company paid Feick $10,000 in cash on account of its notes; that in equity he was bound to apply the money to that purpose; that his failure to do so altered the equitable situation as between themselves, and made Feick in equity the primary debtor. Since the $10,000 cash was the only consideration for Feick's note to the bread company, that note would not be enforceable as between them, if in fact the $10,000 was not a loan to Feick but was payment of the bread company's own obligation. The same money could not do double duty as payment of a debt and as the consideration of a new note. The disputed fact, therefore, is whether the money was a payment or a loan. On the evidence the vice-chancellor could not help finding that it was a loan. (1) It was so treated by the parties at the time. We cannot conceive that Feick would have given a note rather than a receipt if the intent of the bread company had in fact been to make payment; and although his

failure to return the notes which had been made by the bread company to his order is susceptible of the explanation that they were then held under discount by the bank, it would, nevertheless, have been just as easy to have given a receipt and agreement to return the notes as to give the new note. (2) Both Feick and the president of the bread company continued for some time and until Feick's death to treat both the set of notes endorsed by Feick and the note of which he was maker as outstanding obligations. Interest was paid and notes given in renewal. There is no adequate explanation, hardly what can be called an attempt at explanation, of conduct so unusual if the defendant's view of the transaction be accepted. (3) The defendant filed a sworn claim with the executrix on the note. This could not be rightfully done if the $10,000 had been in fact payment of the other notes. This claim is now in the form of an adjudication of the orphans court, final so far as the settlement of the estate is concerned; and the defendant claims its dividend thereon. It is said that the president of the bread company had no authority to file the claim with the executrix. We need not consider this question. It is enough to say that the defendant's case rests on his testimony, and in considering its value, his own affidavit to the claim is weighty evidence against the construction he seeks to give the transaction by his testimony at the hearing. It was incumbent on the defendant to prove an equitable situation different from what was shown on the face of the papers. It has failed to do so. The complainant is therefore entitled to set off against the dividend she owes the defendant, the amount she has already paid the bank as a dividend on what the defendant was primarily obligated to pay. The defendant's dividend was less than that which the complainant paid the bank. The same reasoning requires that the balance be charged upon any future dividends to which the defendant may be entitled; and it was, of course, proper to provide that she might apply on the foot of the decree for an execution to secure any balance that might still remain unpaid. The vice-chancellor advised such a decree. It is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.

*For reversal*—None.