## PARKER v. FIRST NAT. BANK OF MULDROW.

No. 14352—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**1. Insolvency—What Constitutes.**
Independent of statute, it may generally be said that insolvency, when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business.

**2. Banks and Banking—Insolvency of Depositor—Right of Bank to Offset Debts Not Due.**
A bank has an equitable right of offset against the deposits made with it by an insolvent, where the insolvent's debt to the bank is not due.

Error from District Court, Sequoyah County; A. C. Brewster, Judge.

Action by J. R. Parker against the First National Bank of Muldrow. Judgment for defendant, and plaintiff brings error. Affirmed.

W. L. Curtis, for plaintiff in error.

Thos. J. Watts, for defendant in error

COCHRAN, J. This action was commenced by the plaintiff in error against the defendant in error to recover damages alleged to have been sustained by him because of the refusal of the defendant in error to pay certain checks drawn by the plaintiff in error on a deposit which he alleged he had with defendant in error. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant in its answer alleged that the plaintiff did not have sufficient funds on deposit to meet the checks which were refused payment by it, and alleged that on February 28th and March 8, 1917, the plaintiff was indebted to it on a promissory note and that on said dates the plaintiff was insolvent and that the defendant, on February 28, 1917, applied $250 of the funds on deposit for plaintiff in the defendant bank

as a payment upon plaintiff's note, and March 8, 1917, took the sum of $296 of the fund on deposit for plaintiff and applied it to plaintiff's note, and after these amounts were deducted the plaintiff did not have sufficient funds on deposit to meet the checks which were drawn and which were refused payment. After hearing the evidence of the plaintiff, the trial court sustained a demurrer to plaintiff's evidence and judgment was rendered for the defendant, from which plaintiff has appealed.

The real question at issue between the parties is whether the plaintiff was insolvent at the time the bank applied the funds which were on deposit on plaintiff's note to the bank. It was admitted by the plaintiff that he was unable to pay his debts as they became due in the usual course of business, but he contends that at all times his assets greatly exceeded his liability, and, hence, he was not insolvent. Numerous authorities are cited by the plaintiff tending to support his contention, but it is sufficient to say that the great weight of authority is to the effect that a trader is insolvent when he is not in condition to pay his debts in the ordinary course of business as persons carrying on trade usually do, and this court has accepted that definition in the case of Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 Pac. 285, using the following language:

"Independent of statute, it may generally be said that insolvency, when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business."

The plaintiff contends that the opinion in the above case is based upon sections 4068 and 7440, Comp. Stat. 1921, and that those statutes deal with specific subjects and should not be interpreted so as to apply to the facts as they exist in the case at bar. While those statutes were quoted in the above opinion, the court said:

"There may be room for serious doubt that either of the foregoing statutory definitions of insolvency applies in the instant case, on account of their apparent express limitations to the purposes of the particular act in which found"

—and then proceeds to accept the general definition of insolvency as above set out. It is our opinion that this definition, as applied to the facts in the instant case, is correct and is supported by the weight of authority.

It is next contended that the bank had no right to apply the deposit to the payment

of notes which were not at the time due. The equitable right of offset by a bank against deposits made with it by an insolvent where the insolvent's debt to the bank is not due is generally recognized and permitted. Kentucky Flour Company Assignee, v. Merchants' National Bank (Ky.) 13 S. W. 910; Nashville Trust Co. v. Fourth National Bank .Tenn.) 18 S. W. 822; Owens v. American National Bank of Austin (Tex. Civ. App.) 81 S. W. 988; Wunderlich v. Merchant's National Bank (Minn.) 134 A. S. R. 788; Hayden v. Citizens' Bank of Baltimore (Md.) 87 Atl. 672, 46 L. R. A. (N. S.) 1059.

Numerous errors are assigned because of the refusal of the court to admit certain evidence, but in view of our holding in regard to the above proposition, the error, if any committed, in refusing to admit the testimony offered did not affect the substantial rights of the plaintiff, and the case will not be reversed on that account.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and BRANSON, JJ., concur.