On December 27th, 1927, Campbell Duncan, a corporation of this state, was by this court adjudged insolvent, and a receiver was on that day appointed pursuant to the provisions of our Corporation act. On that date the insolvent corporation had money on deposit with the North Camden Trust Company and also was indebted to that trust company on a trade acceptance not then due.
The single question for determination herein is whether the trust company was privileged to set-off its claim, which was not then matured, against the debt which was due and payable to the insolvent corporation at the time of the receiver's appointment.
The great diversity of views on this subject will be found by reference to an extended note in 43 Am. L. Rep. 1325; but in this court the question can scarcely be considered an open one.
In McManus-Kelly Co., v. Pope Manufacturing Co.,70 Atl. Rep. 297, Vice-Chancellor Howell adopted the view that since the statutory right of set-off in actions at law did not embrace debts not due, no greater right could exist in the administration of the estate of an insolvent corporation unless special circumstances existed from which an equitable right could be said to arise, such as a deposit which was a part of the proceeds of an unmatured discounted note held by the bank, or other purely equitable right.
But in the subsequent case of Shields v. John ShieldsConstruction Co., 83 N.J. Eq. 21, it is pointed out that the provisions of our Corporation act touching set-offs in cases of insolvent corporations are materially broader than the provisions contained in our general Set-off act and embrace all cases of "mutual dealings," a circumstance apparently overlooked in the earlier decision of Vice-Chancellor Howell. That view, in connection with the decision of our court of errors and appeals in Butler v. Commonwealth Tobacco Co., 74 N.J. Eq. 423,
declaring the provisions of our Corporation act, in so far as they deal with insolvent corporations essentially a Bankrupt act, impelled the conclusion that the right of set-off obtained in favor of an unmatured indebtedness. *Page 121 Eastern Milling and Export Co. v. Eastern Milling and ExportCo. of Pennsylvania, 146 Fed. Rep. 761, and other like adjudications of other jurisdictions cited by the receiver, cannot be regarded as controlling, in view of the provisions of our Corporation act already referred to.
The views adopted in Shields v. John Shields ConstructionCo., supra, which appear to be unassailable, must be regarded as controlling, and the right of the trust company to offset its unmatured claim must be recognized.