This matter is before the court on the return of an order to show cause why the defendant should not be declared insolvent, why an injunction should not issue to restrain the defendant and its officers and agents from exercising any of its privileges or franchises, and why a receiver should not be appointed for the defendant. No appearance or defense is made by the defendant. Although the commissioner of banking and insurance is not a party defendant herein, nevertheless, because of the fact that hevirtute officii is in possession of the defendant trust company, a copy of the order to show cause was served upon him, and he and his counsel appeared in response thereto and were afforded an opportunity to be heard with respect to the mattersub judice. The complainants' bill and affidavits show that said commissioner has recently taken possession of the defendant trust company. His authority therefor is based upon section 22 of "An act concerning trust companies (Revision of 1899)," as amended by chapter 171 of the laws of 1913 (2 Cum. Supp. Comp.Stat. p. 3750 §§ 221, 222), which provides inter alia that whenever it shall appear to said commissioner that a trust company has violated its charter or any law of this state, or is conducting its business in an unsafe or unauthorized manner, or if from any examination or report provided for by said act he shall have reason to conclude that such company is in an unsound or unsafe condition to transact business, or that it is unsafe or inexpedient for it to continue business, he may forthwith take possession of the property and business of such trust company, and retain such possession until such *Page 519 
company shall resume business, or its affairs be finally liquidated as therein mentioned, and empowers him to prosecute and defend suits and other legal proceedings in the name of the trust company. Complainants' suit is based upon sections 24 and 25 of the aforesaid act, as amended. Section 24 provides that whenever any trust company shall become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, the attorney-general, or any creditor or stockholder, may, by petition or bill of complaint setting forth the facts and circumstances of the case, apply to the court of chancery for a writ of injunction and the appointment of a receiver or receivers or trustees, and the court being satisfied by affidavit or otherwise of the sufficiency of said application, and of the truth of the allegations contained in the petition or bill, and upon such notice, if any, as the court by order may direct, may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered on behalf of the parties, and if upon such inquiry it shall appear to the court that the trust company has become insolvent and is not about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders, it may issue an injunction to restrain such company and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements or effects, except to a receiver appointed by the court, until the court shall otherwise order. Section 25 provides inter alia
for the appointment of a receiver or receivers or trustees for the creditors and stockholders of the trust company, with full power and authority to take possession of all the property of the corporation, and to institute suits at law or in equity for the recovery of any estate, property, damages or demands existing in favor of the corporation, and to compound and settle with any debtor or creditor of the corporation, or with persons having possession of its property or in any way responsible at law or in equity to the corporation *Page 520 
at the time of its insolvency or suspension of business, or at the time of the appointment of a receiver, or afterwards, and in case of mutual dealings between the corporation and any person to allow just set-offs in favor of such person in all cases in which the same ought to be allowed according to law and equity. Referring thereto the court of errors and appeals in RosevilleTrust Co. v. Barney, 89 N.J. Law 550, 553 (opinion by Chancellor Walker), says:
"Thus it will be seen that the act concerning trust companies contains two schemes for the winding up of such institutions, one by the commissioner of banking and insurance as a statutory agent, and the other by a receiver in insolvency proceedings." And on pages 554 and 555: "It will be observed that the winding up of an insolvent trust company, a proceeding essentially judicial in its nature, is confided to the court of chancery, while for corporate acts not in and of themselves amounting to insolvency, the commissioner of banking and insurance by section 22 of the Trust Company act, as amended, is authorized to take possession of the company's business and liquidate its affairs. He is not, like a receiver, vested with title to the corporation's property, nor empowered to sue or be sued in his name as commissioner, but only to act for the company and for the benefit of its creditors and stockholders, doing all lawful acts in the name of the company itself. During his administration of its affairs the corporate entity itself continues in existence, and everything done for and on its behalf by the commissioner, must be done in its name. The rights of creditors, at least so far as reducing their claims to judgment is concerned, are not affected by the act, which makes express provision that the commissioner, in the name of the company, may prosecute and defend all suits and other legal proceedings."
In Sternberg v. Vineland Trust Co., 107 N.J. Eq. 255,
Vice-Chancellor Leaming, in dealing with the aforesaid sections of the Trust Company act, declared he was impressed with the view that — *Page 521 
"The provisions of the twenty-second section of the act contemplate and the legislature intended that they should only apply to the liquidation of a trust company that could by means of such liquidation accomplish the payment of its debts; that is to say, it should apply to a trust company that was not insolvent in the sense that its debts were in excess of its assets but only insolvent in the sense that it did not possess available resources to meet its present needs; section 24 uses the word `insolvency;' in my judgment it uses that term in the popular sense of a corporation that owes more than its assets can ever be made to realize and discharge. Now, unless we accept section 22 with that restricted meaning, that is to say, that the commissioner of banking and insurance shall liquidate an institution that is embarrassed but which can be pulled out through liquidation so that its debts can be discharged, and that the receiver in insolvency shall liquidate such an institution if there is no hope for it, if its assets will not, when realized upon, with due care and due time, pay all of the indebtedness, there seems to be no way to reconcile and give full force to both sections. If those two meanings are attributed to those two sections they can be reconciled, otherwise they apparently are in conflict; otherwise the legislature appears to have given to the commissioner almost precisely the same powers and almost precisely the same functions, that a receiver has, although the powers must be exercised in a different way, because a receiver in insolvency takes title to the assets of a corporation whereas the commissioner does not. His remedies, such as he pursues, are necessarily pursued in the name of the corporation. `* * * There are unquestionably some functions which a receiver can exercise which the banking commissioner cannot. Conditions may arise in which a receiver may be absolutely necessary, and in that case a receiver will be appointed, * * *' * * * after all, in the final analysis, the last act of a receiver is to forfeit the charter of the institution, which the banking commissioner probably cannot do." *Page 522 
I coincide with the views hereinabove expressed. It appears to me that the commissioner's activities under section 22 are limited to instances where the assets of the trust company after payment of expenses of liquidation will suffice to pay to all of its depositors and creditors (not including stockholders) the full amount of their claims. The commissioner has not yet completed his investigation of the affairs of the defendant, and until he has done so he will not be able to determine whether within the purview of the law he may and should liquidate its affairs. It was urged during argument that a committee of depositors sought rehabilitation of the defendant banking institution. The expressed purpose of such committee is laudable and should be encouraged. The commissioner will doubtless co-operate in such undertaking if he deems it advisable so to do. Section 22 provides: "Such trust company may, with the consent of the commissioner, resume business upon such conditions as may be approved by him." If the pending investigation by the commissioner discloses a condition of affairs warranting him in determining that it would be inadvisable to permit the defendant trust company to resume its business, and discloses also that after payment of expenses incurred in his investigation sufficient estate will not be available to him for payment of all depositors and creditors the full amount of their claims it will then become necessary for the court, upon appropriate application, to appoint a receiver or receivers or trustees to take over the property and affairs of the defendant for settlement by means of insolvency proceedings. The appointment of a receiver or receivers or trustees is not a matter of absolute legal right. Sound discretion should be exercised by the court before any such appointment is made. Glaser v.Achtel-Stetter's Restaurant, Inc., 106 N.J. Eq. 150; Kelly v.Kelly-Springfield Tire Co., 106 N.J. Eq. 545. Considerable expense has already been incurred by the commissioner in his investigation of defendant's affairs. If a receiver or receivers or trustees be appointed at this time such expense would be augmented. It appears to me it would be *Page 523 
preferable for parties in interest and the public at large that the commissioner be allowed to continue unmolested in his official activities until he has completed his investigation. I have in mind in my consideration of the matter sub judice the cautionary words of Judge Baldwin, quoted in the oft-cited case of Citizens Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299
(at p. 303): "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction." A fortiori the appointment of a receiver. The extraordinary powers conferrd by sections 24 and 25 of the Trust Company act (similar in many respects to the powers conferred by sections 65 and 66 of the General Corporation act) should be cautiously exercised, and only when the circumstances of the case and the ends of justice require should the court take the affairs of a trust company out of the possession of the commissioner of banking and insurance and turn same over to a receiver or receivers or trustees. The bill of complaint herein will be retained; the order to show cause will be discharged without prejudice to a renewal of the application for the relief prayed by complainants, after the commissioner of banking and insurance has completed his investigation of the affairs of the defendant trust company and filed his report of the particulars and result thereof. *Page 524