When the Seacoast Trust Company suspended and was taken over by the commissioner of banking and insurance on December 22d 1931, it was the owner of certain serial coupon bonds of the complainant, aggregating $27,000, none of which were then due, but to become due periodically from July 1st, 1932, to February 2d 1945. At the same time, the complainant borough had on deposit with the Trust Company, subject to check, the sum of $50,496.09. On $16,000 of the bonds the borough defaulted in the payment of interest on February 2d 1932; and a like default occurred on the remaining $11,000 on July 1st, 1932, and both defaults continue to date. The borough has elected to treat these bonds as presently due and has demanded a set off of its depositpro tanto against the amount due for principal *Page 358 
and interest on the bonds. This the commissioner refused to allow; hence this suit.
P.L. 1931 ch. 255 p. 641, which is an amendment to our act concerning trust companies, authorizes the commissioner of banking and insurance, upon taking possession of the property and business of a trust company, in his discretion to compound and settle with any debtor or creditor "and in case of mutual dealings between the trust company and any person to allow just set-offs in favor of such persons in all cases in which the same ought to be allowed according to law and equity." This language is identical with that contained in section 66 of our Corporation act and probably had its origin in an act entitled "An act to prevent frauds by incorporated companies," passed February 16th, 1829. P.L. 1829 p. 58 § 13; Elm. Dig. 32. Decisions construing any of these acts are pertinent to this controversy, as are also, but to a lesser degree, those decisions construing the act concerning set-off (4 Comp. Stat. p. 4836), the history of which will be found in Godkin v. Bailey, 74 N.J. Law 655.
The relation between a bank and its depositors is that of debtor and creditor and the bank may set off against a general deposit a debt due to it from the depositor. People's Bank andTrust Co. v. Tufts, 59 N.J. Law 380. The converse is also true. The depositor-debtor may demand that his deposit be set offpro tanto against the debt due from him to an insolvent bank.State Bank v. Receivers of the Bank of New Brunswick, 3 N.J. Eq. 266.
See, also, Receivers of People's Bank v. PatersonSavings Bank, 10 N.J. Eq. 13; Receivers of People's Bank v.Paterson Gas Light Co., 23 N.J. Law 283; Roseville Trust Co. v.Barney, 89 N.J. Law 550. That the debt due to the bank from the depositor was not due at the time the bank closed does not matter. Leech v. Campbell Duncan, Inc., 103 N.J. Eq. 119;Shields v. John Shields Construction Co., 83 N.J. Eq. 21;Rogosin v. City Trust Co., 107 N.J. Eq. 79. In matters of strict statutory set-off a distinction has been made between the case of a note or other obligation due to the debtor claiming *Page 359 
the right of set-off and a note due by him. In the latter case it has been held that he may elect to treat his own debt as presently due and so become entitled to the set-off. While in the former it is said that, as he cannot accelerate the maturity of the debt due him, he cannot claim the right (Fera v. Wickham,135 N.Y. 223; 31 N.E. Rep. 1028); but the language of our Trust Company act above quoted being broader than the language of the act concerning set-off, it is not necessary to here rely upon that distinction. Shields v. John Shields Construction Co.,supra.
It is conceded by the defendant that in cases of insolvency a debt due the bank from a depositor may be set off against his deposit although the debt is not yet due; but it is claimed that there is no proof of insolvency here. The commissioner of banking and insurance has furnished me with a copy of the resolution of the board of directors of the Seacoast Trust Company which resulted in his assuming control.
It reads as follows:
 "SEACOAST TRUST COMPANY Asbury Park, N.J. Special Meeting Held on December 22, 1931.
Resolved, that by reason of abnormal withdrawals and inability to obtain cash, the Board of Directors deems it unwise to continue business, and requests the Department of Banking and Insurance to take charge so that the assets may be fully conserved for the creditors."
That spells insolvency under section 65 of the General Corporation act. The answer of the commissioner of banking and insurance filed in this cause says "that it is highly improbable that the creditors will realize a dividend equal to the amount of their respective deposits with the Seacoast Trust Company." This would appear to me to be an admission of insolvency; but irrespective of that, it is conceived that unless the Trust Company were insolvent, either technically or absolutely, on December 22d 1931, then the commissioner of banking and insurance had no power to act. Koch v. Morsemere, 107 N.J. Eq. 516; Smith v. Washington Casualty Insurance Co., 110 N.J. Eq. 122. *Page 360 
It has been held that the act to prevent frauds by incorporated companies, above referred to, and section 66 of the General Corporation act are essentially bankrupt acts (State Bank v.Receivers of the Bank of New Brunswick; Receivers of People'sBank v. Paterson Savings Bank; Receivers of People's Bank v.Paterson Gas Light Co.; Shields v. John Shields ConstructionCo., supra); that under these acts the doctrine of set-off is not confined to legal set-offs but refers to just set-offs and specifically directs the allowance of set-offs when they ought to be allowed according to law and equity; and that in insolvency cases the act confers upon the receivers equitable powers which they are to exercise according to the justice of the case. State Bank v. Receivers of the Bank of New Brunswick,supra. The language of the Trust Company act being identical with the acts under consideration in the cases cited, the same construction must be placed upon it. Quite irrespective of statute, however, this court has inherent jurisdiction to allow just set-offs in proper cases and where the ends of justice demand it. The right existed at common law and was exercised by the court of chancery in England as early as 1675. Receivers ofPeople's Bank v. Paterson Gas Light Co., supra. The presence of the language concerning set-offs in the Trust Company act and other similar acts is explained by the necessity for legislative authority if receivers of insolvent corporations and the commissioner of banking and insurance in charge of closed banks were themselves to exercise equitable powers. It is assumed that this necessity was recognized by the legislature and was the motive behind these provisions of the acts. But no such authority was necessary to confer the power upon this court. In Ex ParteStephens, 11 Ves. 24 (at p. 26), Lord Eldon said:
"As to the doctrine of set-off, it is not necessary to say much. This court was in possession of it, as grounded upon principles of equity, long before the law interfered. It is true, where the court does not find a natural equity, going beyond the statute, the construction of the law is the same in equity as at law. But that does not affect the general doctrine upon natural equity." *Page 361 
And see 1 Mod. 214 (1675). In Receivers of People's Bank
v. Paterson Gas Light Co., supra, Chief-Justice Green, at page 290, said:
"It has been formerly supposed, and frequently asserted (until the error was demonstrated by Mr. Christian) that the general right of set-off was introduced into the law by the expired Bankrupt act of the 4th and 5th Anne, Chap. 17, in which it is first expressly mentioned. But that learned person has clearly shown that the course of adjusting the balance, was previously adopted in practice, and confirmed by the decisions of courts of law. Eden's Bank. Law 186 (1757); Chapman v. Derby, 2Vern. 117 (1681)."
The trust arising out of the Seacoast Trust Company matter is now under the supervision of this court pursuant to petition of the commissioner of banking and insurance to that end. (Docket 91, page 331.) It must be administered according to the rules and principles of equity, as applied by this court.
The commissioner relies upon the case of Hannon v. Williams,Receiver of the Mechanics and Laborers Savings Bank of JerseyCity, 34 N.J. Eq. 255, in which a depositor in an insolvent savings bank was held not entitled to set off a deposit to her credit against the amount due from her upon a bond and mortgage held by the bank, but the case is not in point. It was there held that the ordinary laws of set-off between debtor and creditor did not apply; nor did other statutory laws of set-off, such as that now under consideration, have any application. The bank there involved was a savings bank having no stock or stockholders. The depositors were likened to the stockholders of an ordinary bank and were held to be the owners of all of the bank's assets. On the other hand, the assets of a trust company are owned by the stockholders who may or may not be depositor-creditors. It is true the assets of the trust company are first applicable to the payment of the trust company's debts; but in case of insolvency the rules of set-off applicable to other insolvent corporations necessarily apply. The bank was there held to be a public trustee. See, also, Stockton v. Mechanics' and Laborers'Savings *Page 362 Bank, 32 N.J. Eq. 163; In re Newark Savings Institution, 28 N.J. Eq. 552.
And in Stockton v. Bank, supra, the relation between the savings bank and its depositors was likened to that of trustee and cestuis que trustent. Chancellor Runyon there said (at page 167):
"The fact that one of the cestuis que trust has borrowed from the trust money, which in fact is the common property of himself and his fellow depositors, and continues to owe it at the time of the making of the decree of insolvency, will not give him any advantage over the other depositors."
It was recently held by this court in the matter of West Orange Trust Company (Docket 93, page 581) in an unreported opinion, that a municipality was entitled to have its deposit set off protanto against its notes held by an insolvent bank and not due at the time the bank was taken over by the commissioner of banking and insurance. I know of no decision in this state in which it has been held that the bonds of a municipality, as distinguished from notes, may be set off against the deposit of that municipality in a closed bank, and I have been referred to none by counsel. But there is no difference in principle between the West Orange Trust Company case and that now before the court. Nor is there any magic in the name (bond or note) by which the obligation of a municipality is known. Both are evidences of debt and the doctrine of set-off is applicable to any claim which, under rules of common law pleading, might have been the subject of an action in indebitatus assumpsit. Godkin v. Bailey,supra. The complainant is entitled to the set-off claimed. *Page 363