## NEW BRUNSWICK DISTRICT COURT.

ROBERT L. THOMAS, ADMINISTRATOR OF THE ESTATE OF IDA CHANDLER BROWN, DECEASED, PLAINTIFF, v. THE NATIONAL BANK OF NEW JERSEY, A CORPORATION, DEFENDANT.

Decided April 7th, 1938.

For the plaintiff, *Walter S. Greacen.*

For the defendant, *Paul W. Ewing.*

MORRISON, D. C. J.   This suit arises out of the refusal of the defendant bank to honor the order of the plaintiff-administrator in drawing against $442.44 which was on deposit in a checking account in the said bank in the name of Ida Chandler Brown, deceased.   The essential facts have been stipulated by counsel and disclose that Ida Chandler Brown, deceased, was a maker on a note payable to and held by the bank in the sum of $680 which note matured on May 11th, 1935.   On April 1st, 1935, Mrs. Brown died and at the time of her death, she had a checking account with the bank, the balance of which, was $442.44.   On May 10th, one day before the note fell due, the bank applied the balance in the checking account to the amount due on the note.   Plaintiff, as administrator of Mrs. Brown's estate, thereafter, sought to draw by checks against the said checking account, but payment thereof was refused.   In the stipulation of counsel, the assets and liabilities of the estate are set forth, showing that

the latter exceeded the former by $779.81. The bank defends this suit, alleging that the insolvency of Mrs. Brown's estate permitted it to set-off the amount of her note against the balance of her deposit, although the note was not then due. The administrator in answer thereto, concedes the bank's right to set-off his intestate's unmatured note, where the estate is insolvent, but urges that before the estate can be considered insolvent, a decree of insolvency must be made by the Orphans Court and that no such decree has been made.

That a bank may, on the insolvency of a depositor before the maturity of his indebtedness to the bank, apply his general deposit to the payment of such indebtedness, is settled law in this state. *Receivers* v. *Paterson Gas Light Co.,* 23 *N. J. L.* 283; *Camden National Bank* v. *Green,* 45 *N. J. Eq.* 546; 17 *Atl. Rep.* 689. Affirmed, *Green* v. *Camden National Bank,* 46 *N. J. Eq.* 607; 22 *Atl. Rep.* 56; *Crisp* v. *Dunn,* 56 *N. J. L.* 355; 29 *Atl. Rep.* 166; *Feick* v. *Hill Bread Co.,* 99 *Atl. Rep.* 851. *Affirmed,* 89 *N. J. Eq.* 189; 104 *Atl. Rep.* 96; *Roseville Trust Co.* v. *Barney,* 89 *N. J. L.* 550; 99 *Atl. Rep.* 343; *Leech* v. *Campbell and Duncan, Inc.,* 103 *N. J. Eq.* 119; 142 *Atl. Rep.* 364; *Kantor* v. *Security Trust Company of Paterson,* 110 *N. J. L.* 361; 165 *Atl. Rep.* 430; 7 *Corp. Jur.* 656; and this rule has been applied where the depositor dies and his estate is insolvent. *Camden National Bank* v. *Green, supra; Crisp* v. *Dunn, supra; Feick* v. *Hill Bread Co., supra; Leech* v. *Campbell and Duncan, Inc., supra.* Unlike Kantor *v.* Security Trust Company of Paterson, the deposit in this case was made by deceased, while there the deposit was made by the executrix and therefore, lacked the necessary identity prerequisite to the allowance of a set-off. See, also, *Paighton* v. *Brookline,* 114 *N. E. Rep.* 671.

It is urged that this doctrine should be strictly confined to cases where insolvency has been adjudicated on the ground that if a set-off is allowed, a preference is thereby created to the detriment of the insolvent's creditors. In this case, the result of the allowance of the set-off would, after payment of administration expenses and preferred debts, be insufficient to pay the general creditors of the estate. However, this contended injustice to the general creditors of the insolvent,

is not peculiar to the case at bar, but applies with equal force to any case where a set-off has been allowed against an insolvent debtor. In those cases, as here, the allowance of the set-off would diminish the assets of the insolvent and the distributive shares therein of his general creditors. This contention has been advanced by those jurisdictions that do not permit a set-off in like circumstances, claiming that the allowance of the set-off does injustice to the creditors of the insolvent, who are entitled to an equal share of all his estate, which gives them an equity superior to the equity of the creditor to the set-off. *Fera* v. *Weekham,* 135 *N. Y.* 223; 31 *N. E. Rep.* 1028; 15 *L. R. A.* 456.

The theory for according a set-off of unmatured debts when insolvency exists, rests upon the fact that both debts are subsisting and only by allowing a set-off, can they be treated upon even basis, and the owner of the debt not yet due, escape an unjust loss. By allowing the debt due to the creditor only a distributive share, while allowing the debt of the insolvent to be paid in full, would exalt the latter in derogation of the former and hence, be inequitable. The equity of the general creditors is in the balance remaining after the set-off. It does not begin until the set-off has taken place. The equity of the creditor to the set-off is not only superior in time but superior in merit to that of general creditors. *Receivers* v. *Paterson Gas Light Co.,* 23 *N. J. L.* 283; *Sullivan* v. *Merchants National Bank,* 108 *Conn.* 497; 144 *Atl. Rep.* 34.

Counsel have pointed out many cases in other jurisdictions which represent divergent views on whether the insolvency permitting the set-off of unmatured indebtedness, must be decreed or proven in fact. From my examination, it seems that the majority view is in accord with the latter rule. For illustrative decisions that the relief given is not made dependent on a formal adjudication: *Ford's Administrator* v. *Thornton,* 3 *Leigh* (*Va.*) 695, 698; *Lindsay* v. *Jackson,* 2 *Paige* (*N. Y.*) 581; *American Bank* v. *Wall,* 56 *Me.* 167; *Gay* v. *Gay,* 10 *Paige* (*N. Y.*) 369, 376; *Levy* v. *Steinbach,* 43 *Md.* 212; *Twogg* v. *Hopkins,* 85 *Id.* 301; 37 *Atl. Rep.* 24; *Goodwin* v. *Keney,* 49 *Conn.* 563, 569; *Stewart* v. *Coultier,* 12 *Serg. 2 R.* (*Pa.*) 252; 14 *Am. Dic.* 680; *Smith* v. *Felton,*

43 *N. Y.* 419, 423; *Nashville Trust Co.* v. *The Fourth National Bank of Nashville,* 91 *Tenn.* 336; 18 *S. W. Rep.* 822; 15 *L. R. A.* 710; *Schuler* v. *Israel,* 120 *U. S.* 506; 7 *Sup. Ct.* 648; 30 *L. Ed.* 707; *Carr* v. *Hamilton,* 129 *U. S.* 252, 255; 9 *Sup. Ct.* 295; 32 *L. Ed.* 669; *Scott* v. *Armstrong,* 146 *U. S.* 499; 13 *Sup. Ct.* 148; 36 *L. Ed.* 1059; *North Chicago Rolling Mills* v. *St. Louis Ore and Steel Co.,* 152 *U. S.* 596; 14 *Sup. Ct.* 710; 38 *L. Ed.* 565; *Scammon.* v. *Kimball,* 92 *U. S.* 362. *Ex Parte Stephens,* 11 *Ves.* 24; *Williams* v. *Davies and Sim,* 461; *Agra Bank* v. *Hoffman,* 34 *L. J.* (*N. S.*) *Ch.* 285; *In the Matter of Hatch,* 155 *N. Y.* 401; 50 *N. E. Rep.* 49; 40 *L. R. A.* 664; *Parker* v. *First National Bank,* 220 *Pac. Rep.* 39; 96 *Okla.* 70; *Reed* v. *Central National Bank of Wilmington,* 184 *Atl. Rep.* (*Del.*) 772. *Contra: Jump* v. *Leon,* 192 *Mass.* 511; 78 *N. E. Rep.* 532; *Kurtz* v. *County National Bank,* 258 *Pa.* 472; 136 *Atl. Rep.* 789; *Sullivan* v. *Merchants National Bank,* 108 *Conn.* 497; 144 *Atl. Rep.* 34; *Wiley* v. *Bunker Hill National Bank,* 183 *Mass.* 495; 67 *N. E. Rep.* 655; 43 *A. L. R.* 1325; *Spaulding* v. *Backus,* 122 *Mass.* 553, 556; 23 *Am. Rep.* 391; *Minhart* v. *Farmer's State Bank,* 259 *Pac. Rep.* (*Kan.*) 698.

In New Jersey, the case of *Polkowitz* v. *Goldberg,* 9 *N. J. Mis. R.* 880; 156 *Atl. Rep.* 1, has been cited by plaintiff as authority for the limitation of the application of the doctrine to cases where insolvency was decreed. There the court held that: "Insolvency in fact, not confessed, or not legally established by bankruptcy or otherwise, will not warrant set-off of an unmatured debt." I construe the confession of insolvency referred to in this case as meaning a formal petition in the Orphans Court by the administrative officer of the estate declaring the estate insolvent.

Regardless of my own opinion as to the correctness of this decision, I would be constrained to follow it under the rule of *stare decisis* if the issues upon which it is founded are co-extensive with the issues at bar. In that case, the issue of insolvency was not raised by the defendant bank claiming a set-off, hence the adjudication that if it was raised, it would have to be decreed or confessed to justify a set-off, was *obiter*

*dicta.* *Dictum,* while entitled to respectful consideration as expressing the view of the judge by whom it is uttered, is not binding as authority within the *stare decisis* rule. *New York Central Railroad Co.* v. *Hudson County,* 80 *N. J. L.* 305; 74 *Atl. Rep.* 954; *Lister* v. *Lister,* 86 *N. J. Eq.* 30; 97 *Atl. Rep.* 170; 15 *Corp. Jur.* 950.

The other New Jersey cases I have examined touching on the right of set-off in instances as here, did not raise or discuss the specific problem at bar. It is my view, nevertheless, that these cases are fairly interpreted to support the allowance of set-off upon a showing of insolvency in fact.

In considering these cases, we must be mindful that it is the insolvency of the debtor that gives his creditor the right to set-off his unmatured debt. Since this right emanates from insolvency, it follows that insolvency must exist before the set-off or concomitant therewith, before it can properly be exercised. Stating this proposition conversely, a set-off of an unmatured debt exercised prior to insolvency, cannot be validated by a later finding of insolvency.

In the light of the foregoing, I consider that *Camden National Bank* v. *Green,* 45 *N. J. Eq.* 546; 17 *Atl. Rep.* 689; *Crisp* v. *Dunn,* 56 *N. J. L.* 355; 29 *Atl. Rep.* 166; *Feick* v. *Hill Bread Co.,* 99 *Atl. Rep.* 851, should be construed to support the insolvency in fact view. In Camden National Bank *v.* Green, the court treated the estate as insolvent upon the filing of a petition by the executrix, declaring the estate insolvent and asking the aid of the court in the premises. A set-off by the bank, made prior to the time of the insolvency petition, was allowed and injunctive relief granted to prevent the collection of defendant's judgment, except in excess of the amount of complainant's set-off. A Massachusetts case (*Jump* v. *Leon, supra*), construes this case as authority for the proposition that the relief given is not made dependent on a formal adjudication of the debtor as an insolvent or a bankrupt.

In *Crisp* v. *Dunn, supra,* the plaintiff, Crisp, was indebted to the estate of defendant, Dunn, and the estate was likewise indebted to him. Plaintiff sued on his demand compelling the estate to set-off its demand. After the commencement of

the action, defendant represented to the Orphans Court that the estate of Dunn was insolvent, and after due proceedings, that court decreed the estate was insolvent. The contention was that plaintiff could not have properly set-off his demand against the defendant estate, and therefore, his suit against the estate was in effect a set-off and hence, improper. The court overruled this contention, stating that "Crisp's claims against the estate were proper subjects of set-off against his note which the estate held."

It is significant to note that Crisp's suit was commenced before any representation or decree of insolvency was made. If the suit was in effect, a set-off (and the court seems to have treated it as such), the fact that it was filed prior to said representation and adjudication of insolvency, impels the conclusion that its allowance was not dependent upon such representation or decree.

In *Feick* v. *Hill Bread Co.*, 89 *N. J. Eq.* 189; 104 *Atl. Rep.* 96, Vice-Chancellor Foster held that under the doctrine of the case of Camden National Bank *v.* Green, "it is equally clear that the bank had the right to apply the money on deposit with it to the credit of Mr. Feick, at the time of his death, to the payment of his indebtedness to it *pro tanto;* and this was particularly the right of the bank, because the estate has been adjudged insolvent, and this insolvency gave to the bank the right to equitable relief."

In construing the above cases in their relation to the point at bar, it is pertinent to inquire—when were the estates in the said cases deemed to have been insolvent? If they were considered insolvent only as of the time of the insolvency proceedings taken in the Orphans Court, then the set-offs were premature and unsustainable. If, on the other hand, it was considered that the later insolvency proceedings were evidential that the estates were insolvent in fact, at the time of the exercise of the set-offs—then this construction harmonizes with the principles previously discussed.

One interpretation violates the basic theory upon which a set-off is permitted against an unmatured debt. The other interpretation harmonizes therewith. Where the ruling of a prior decision is fairly susceptible to different interpretations,

the one most consonant with settled principles of law is presumed to have been intended.

The following cases also lend weight to the insolvency in fact view: In *Borough of Neptune City* v. *Seacoast Trust Co.*, 116 *N. J. Eq.* 357; 173 *Atl. Rep.* 604, the court considered that the defendant bank was insolvent, although no decree of insolvency had been entered. In *Hoagland* v. *United States Trust Co.*, 110 *N. J. Eq.* 489; 160 *Atl. Rep.* 669, the court held that the defendant bank could have set-off the money on deposit with it by the bankrupt company on account of the bankrupt company's note prior to the filing of the petition in bankruptcy. In *Federal Reserve Bank of Philadelphia* v. *Welch*, 122 *N. J. Eq.* 90; 192 *Atl. Rep.* 431, it was intimated that insolvency of an estate might be proven by means other than by declaration of insolvency. In *Kantor* v. *Security Trust Company of Paterson*, 110 *N. J. L.* 361; 165 *Atl. Rep.* 430, *supra,* Mr. Justice Parker held, "it is alleged in the moving affidavit that the estate is insolvent, but it does not appear that there has been any adjudication of that condition. However, we deem the point illustrative rather than determinative."

The case of *Rogosin* v. *City Trust Company of Passaic*, 107 *N. J. Eq.* 74; 151 *Atl. Rep.* 834, has been pointed out as authority for the plaintiff's view. There it was held that a bank cannot set-off a corporation's deposit against its unmatured note where the corporation, at the time of the set-off, had not been adjudged insolvent. The court based this conclusion upon the prohibition against preference contained in section 64 of the Corporation act (*Rev. Stat.* 1937, 14:14-2), which prohibition is not contained in the acts relating to the administration of estates (*Rev. Stat.* 1937, 3-1). Then further, provision is made in the case of an insolvent corporation for a creditor to petition the court for the appointment of a receiver. *Rev. Stat.* 1937, 14:14-3. But in the case of an insolvent estate, it seems that only the executor or administrator may petition the court for a declaration of insolvency. *Rev. Stat.* 1937, 3:25-23. *Dibble and Frank* v. *Woodhull's Executor*, 24 *N. J. L.* 618. If the allowance of a set-off is conditioned upon the initiation by the administrative officer

of this statutory step, his failure to do so, would prevent a creditor from setting-off his unmatured debt against the estate. It is not considered that the rule in the Rogosin case was intended to effect such a result. It is, therefore, deemed that the rule in this case only applies to insolvent corporations and is clearly distinguishable from cases involving insolvent estates.

Lastly, I must determine whether the doctrine under discussion is maintainable in a court of law. A review of the cases in which the doctrine has been applied, reveals that more frequently the same are found in a court of equity where the proponent of a set-off seeks equitable relief. Authority for its application in a court of law is found in *State* v. *Walsted,* 11 *N. J. L.* 397; *Receivers* v. *Paterson Gas Light Co.,* 23 *Id.* 283 (at *pp.* 307-309); *Crisp* v. *Dunn, supra;* and quite recently in *Kantor* v. *Security Trust Company of Paterson, supra,* Mr. Justice Parker holding—"the doctrine being essentially equitable, rules of equity have been applied freely, even at law, and even in mitigation of statutes." See, also, *Newman* v. *Hatfield Wire and Cable Co.* 113 *Id.* 44; 174 *Atl. Rep.* 491, holding that the matter of a set-off should be liberally and equitably construed and that courts generally, in the interest of common justice, have departed from the rigor of set-off statutes and have freely adopted equitable principles. See, also, *McFarland* v. *Withers,* 122 *N. J. Eq.* 167; 191 *Atl. Rep.* 808.

From the foregoing, I believe that the doctrine under discussion, though equitable in nature and not resting upon set-off statutes, is cognizable in a court of law.

Since it is apparent by the stipulation that the real and personal estate of the deceased, Ida Chandler Brown, is insufficient to pay her debts, I conclude that her estate was in fact insolvent (*Rev. Stat.* 1937, 3:25-51) at the time of the set-off by defendant bank and hence the deposit of Mrs. Brown was properly set-off against her unmatured note.

Let judgment be entered for the defendant.