MOTION.            Stephens *vs* Lewis' Administrator.

*Case* 39.              ERROR TO THE FULTON CIRCUIT.

                              *Motions.   Constables.*

*January* 4.     CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

A Constable who fails to return an execution for 30 days after the return day, is liable on motion, to the plaintiff for the amount of the execution and 30 per cent. The fact that the Constable had endorsed that a part of the amount of the execution was made by a sale of property, does not render it proper to exclude the amount so reported to have been made, in the calculation of the per centum, unless the same had been paid to the plaintiff.

By an act of 1835, (3 *Stat. Law*, 137,) if a Constable fail to return an execution in his hands within thirty days after the return day thereof, without good and sufficient cause, he and his securities are made liable to a judgment, on motion, for the amount of such execution, together with thirty per cent. damages thereon. The question in this case is, whether an endorsement on the execution bearing date before the expiration of the thirty days, and importing that a part thereof had been made by a sale of property, should operate either to prevent or reduce the judgment. It certainly forms no excuse, even if true, for the failure to return, and therefore, should not prevent a judgment. And whether true or false, it does not affect the amount of the execution, for which, with thirty per cent. thereon, the statute authorizes the judgment. If the sum stated to have been made by the sale had been paid to the plaintiff, this would no doubt have been a proper ground for diminishing, or at least crediting the judgment to be rendered on the motion, as the plaintiff should not have payment of the same sum twice. But we perceive no reason why the fact that the Constable had made a part of the debt but retained it improperly in his own hands, should place him in a better condition in the motion for a failure to return, than if he had made no part of the debt. The cases referred to as limiting the recovery to the amount due and collectable on the execution at the time of the officer's default, with thirty per cent. thereon, appears, (so far as the particular facts are stated or may be inferred,) to have had reference to the question whether interest, payable on the execution, should be calculated up to the rendition of the judgment on the

motion, or to the time when the return should have been made: (1 *B. Monroe*, 212; *Ibid, page* 12; 2 *B. Monroe*, 46.) They do not, therefore, decide the present question; and we think that, according to the letter and intent of the statute, the judgment should be rendered for the amount due by the execution as it issued, with the interest up to the time when it should have been returned, together with the thirty per cent. thereon, unless as to a part of the amount thus appearing to be due on the execution, such a judgment would be unjust, as giving to the plaintiff double payment or the like. A different construction of the statute would place it in the power of a Constable, to relieve himself from the liability for failing to make any return, by his own false return, made after that liability had been incurred, and to turn the creditor from his remedy for a failure to return, to his remedy for a false return, or for a failure to pay over money said to have been collected. The difference in the damages recoverable for these different delinquencies, might furnish a strong temptation to convert the greater into the smaller liability, and the power of the Constable over the execution in his hands, might afford ample opportunity [for so doing. The circumstances of the present case certainly create great doubt as to the verity of the endorsement relied on by the Constable. But as the endorsement does not show any ground under the statute, or in equity and good conscience, for reducing the liability of the officer, its truth or falsehood is deemed immaterial.

Wherefore, the judgment is affirmed.

*Stephens* for plaintff; *Bullock* for defendant.