OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1859.

CASE 1—MOTION—DECEMBER 6.

## Mershon, &c., vs. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. The Franklin circuit court is the fiscal court of the Commonwealth, and for this purpose its jurisdiction is co-extensive with the whole State.

2. A motion in the Franklin circuit court against a sheriff and his sureties for failing to pay revenue into the treasury, must be docketed for trial on the third day of the term, but may be tried and judgment rendered on a subsequent day, like any other suit or motion.

3. A statement of the Auditor of Public Accounts of the amount of revenue due and owing by the sheriff, and an official copy of his bond, will authorize a judgment upon such motion against the sheriff and his sureties.

4. A sheriff who fails to pay into the treasury the public moneys in his hands by the 15th of December, is liable for interest on the same from the first day of June preceding. He is also liable for twenty per cent. damages, to be estimated upon the amount due on that day, instead of on the balance due when the motion against him and his sureties is made.

B. Monroe, for appellants, cited *Rev. Statutes*, 574, *sec*. 16.

James Harlan, for Commonwealth, cited *Rev. Stat.*, 571, *sec*. 6 ; *Act March* 10, 1854, *Sess. Acts* 1853–4, *p*. 176 ; *Rev. Statutes*, 576, *art*. 12, *secs*. 1, 2, *and* 3 ; *Ib.*, 577, *sec*. 4.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted from a judgment of the Franklin circuit court against the late sheriff of Rockcastle county and his sureties.

By the Revised Statutes, the Franklin circuit court is made the fiscal court of the Commonwealth, and for this purpose its jurisdiction is co-extensive with the whole State. (*Rev. Stat.*, p. 231.)

The motion in a proceeding like this must be docketed for trial on the third day of the term. It does not follow, however, from this requisition of the statute, that it must be tried on that day. It must be docketed for that day, but may be tried like any other suit or motion.

In this case the appellants were notified that the motion would be made on the third day of the term. The motion was entered on that day, and ordered to lie over until the sixth day of the term. The motion was not heard nor the judgment rendered on the sixth, but on a subsequent day of the term. Inasmuch, however, as the parties were properly before the court, the motion not having been heard on the sixth day of the term, stood continued by operation of law from day to day, until it was tried, and finally disposed of by the judgment of the court, on a subsequent day of the term.

There is no bill of exceptions in the record, and we are, therefore, unable to say what evidence was adduced by the parties upon the trial. It appears, however, from the entry of the judgment, that the Attorney General had filed a statement of the Auditor of Public Accounts of the amount of revenue due and owing by the sheriff, and an official copy of his bond, which were used upon the trial. Upon this evidence alone a judgment might have been rendered under the statute against the sheriff and his sureties. There does not, therefore, seem to be any error in the proceedings or judgment to the prejudice of the appellants, and on their appeal the judgment is affirmed.

The Commonwealth, however, by cross appeal, complains of the judgment on two grounds:

First, that interest should have been allowed on the amount due by the sheriff from the 1st of June, 1857, instead of the 15th of December, 1857. And in the second place, that the

twenty per cent. damages should have been estimated upon the amount due on the 15th of December, 1857, instead of on the balance due when the motion was made.

Both of these objections to the judgment are valid, according to the provisions of the statutes on this subject.

By the Revised Statutes, sheriffs were required to pay all taxes, and other public moneys for which they were bound, into the treasury by the 15th day of January in each year; and upon their failure to do so, they and their sureties were made liable therefor, with six per centum interest thereon from the first day of June preceding until paid, beside the twenty per cent. damages on the amount of the principal. (*Rev. Statutes*, *p.* 571.)

At the session of the legislature which commenced on the 31st December, 1853, the Revised Statutes, so far as they regulated the time when the sheriffs were required to pay the money in their hands into the public treasury, were amended by the substitution of the month of December for the month of January; but no other change was made. (*Sess. Acts* 1853–4, *p.* 176.) It is apparent, therefore, that as the sheriff of Rockcastle failed to pay into the treasury the public moneys in his hands by the 15th day of December, 1857, he thereby became liable for interest on the same from the first day of June preceding.

According to the Auditor's statement, the balance of the public moneys due by the sheriff on the 15th of December, 1857, was $1,125 29. The sheriff, by his failure to pay that balance, rendered himself and his sureties liable therefor, and also for twenty per cent. damages thereon. This liability was not modified, or in any manner diminished, by the subsequent payments which were made, except so far as those payments operated to discharge it. The liability of the sheriff was fixed by his delinquency, and he and his sureties thereby became liable to the Commonwealth for the balance due, and twenty per cent. damages thereon. Subsequent payments can only be regarded as credits on the amount for which they were thus liable, and cannot have the effect of releasing them from their liability for damages on any part of that amount.

The same principle has been applied by this court in cases where the sheriff, by failing to return an execution within thirty days after the return day thereof, has rendered himself and sureties liable for the amount of the execution, and thirty per cent. damages thereon. (*Bruce vs. Dyall*, 5 *Monroe*, 128; *Stephens vs. Lewis' adm'r*, 8 *B. Mon.*, 150.)

Wherefore, the judgment is reversed on the cross appeal, and cause remanded, that a judgment may be rendered in conformity with this opinion.