WILLIAM H. H. TUCKER *vs.* GEORGE W. WHITE, JR.

Suffolk.     March 7. — Sept. 3, 1878.     COLT & SOULE, JJ., absent.

A grantee cannot maintain an action of contract upon an oral statement made by his grantor, before delivery of the deed, that the land is free from incumbrances.

An action of tort in the nature of deceit cannot be maintained against an officer, who, at a sale of land on execution, in good faith makes a statement, as of his own knowledge, that the land is free from incumbrances, when it is in fact incumbered.

CONTRACT, with counts in tort, against a deputy of the sheriff of Norfolk. Writ dated October 3, 1876. Trial in the Superior Court, before *Wilkinson*, J., who reported the case for the determination of this court in substance as follows :

Francis A. Smith, by warranty deed in common form, dated November 26, 1844, became the owner of certain land in Stoughton, and has lived on it with his wife ever since, having no other land with a house on it. On August 14, 1876, the defendant, a deputy sheriff, sold this land with the buildings thereon, by auction, under an execution against Smith, issued in due form of law. Among other bidders present was an agent of the plaintiff, sent by him to bid on the premises. The agent bid for the property the sum of $404, and the same was sold to the plaintiff. The defendant prepared and executed a deed to the plaintiff, some days after the sale, in the usual form of a sheriff's deed, containing no covenant of warranty, except that the officer had complied with the rules of law in making sales of real estate. At that time the plaintiff read the deed and paid the defendant $404. Neither Smith nor his wife, at or before the sale, or the execution of the deed, notified the defendant that they or either of them claimed to hold an estate of homestead in the premises, exempt from being taken under the execution, and the defendant did not know whether any such estate existed or not at the time of the sale, the delivery of the deed, or at or before he paid the money to the judgment creditor. The defendant, in putting up the property for sale, stated to those present at the sale that there was no incumbrance on the estate, except the right of dower in Smith's wife, other than the execution, as of his own knowledge, to induce the plaintiff's agent to bid, and he did so bid and purchase the estate, relying on said representation, and communicated the same to the plaintiff before the latter took the deed of the premises from the defendant, and paid the consideration. The defendant did not make the statement at the sale with intent to deceive the purchaser, unless it may be inferred from the facts above stated.

At the trial, the plaintiff, claiming a rescission of his purchase, brought into court and tendered to the defendant a quitclaim deed of the plaintiff's right, title and interest in the property, in common form, running from the plaintiff to Smith, and

filed the same with the clerk of the court the day after the trial. The plaintiff offered evidence, which was excluded, that, at the time the deed was passed, and before the consideration was paid the defendant stated to him that the property was free from incumbrances, except said right of dower.

If the action could be maintained, judgment was to be entered for the plaintiff; otherwise, judgment for the defendant.

*T. L. Livermore*, for the plaintiff.

*E. C. Bumpus*, for the defendant.

MORTON, J. The plaintiff cannot maintain an action of contract founded upon any oral statement, made by the defendant before the deed was delivered, that the estate sold was free from incumbrances. All the previous negotiations are merged in the written contract contained in the deed. Of that contract the deed is the exclusive evidence, and the covenants contained in it cannot be enlarged by parol testimony. *Howe* v. *Walker*, 4 Gray, 318. *Earle* v. *De Witt*, 6 Allen, 520.

Upon the facts which appeared at the trial, we are of opinion that the plaintiff cannot maintain an action of tort in the nature of deceit. The report shows that the defendant, who is a deputy sheriff, sold the estate by auction under an execution against one Smith; that he "stated to those present at the sale that there was no incumbrance on the estate, except the right of dower in Smith's wife, other than the execution, as of his own knowledge, to induce the plaintiff's agent to bid, and he did so bid and purchase the estate, relying on said representation, and communicated the same to the plaintiff before the latter took the deed of the premises from the defendant, and paid the consideration;" that the officer "did not make the statement at the sale with intent to deceive the purchaser, unless it may be inferred from the facts above stated." We understand by the report that the defendant made this statement in good faith and without any intent to deceive the purchaser, and is not liable, unless from the facts stated the law infers deceit and fraud. The plaintiff contends that said Smith had an estate of homestead in the premises, and that therefore the statement of the defendant was false. If we assume this to be so, the plaintiff cannot maintain his action. The defendant made no misstatement of any facts upon which the right of Smith to an estate of homestead depended.

The gist of an action of deceit is fraud and deceit of the defendant causing damage to the plaintiff. Ordinarily it is necessary to prove, not only that the defendant made statements of facts which were false, but that he knew them to be false. It has been held that if a man makes statements of facts, as of his own knowledge, which are false, he is liable to an action for deceit, though he believed them to be true. The falsehood consists in stating that he knew the facts when he did not know them. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Fisher* v. *Mellen*, 103 Mass. 503. *Stone* v. *Denny*, 4 Met. 151. *Page* v. *Bent*, 2 Met. 371. But this rule is confined to cases where a man states as of his own knowledge facts which are susceptible of personal knowledge. As stated by Chief Justice Shaw, in *Page* v. *Bent*, *ubi supra*, " In a matter of opinion, judgment and estimate, if one states a thing as of his own knowledge, if he in fact believes it, and it is not intended to deceive, it is not a fraud, although the matter thus stated is not in fact true. The reason is, that it is apparent from the subject matter, that what is thus stated as knowledge must be considered and understood, by the party to whom it is addressed, as an expression of strong belief only, because it is a subject of which knowledge, in its strict sense, cannot be had."

In the case at bar, the defendant sold the estate as an officer acting under the statute power. He had no title to or interest in the estate. The statement by him that there were no incumbrances made or suffered by the owner of the estate, was not a statement of a fact strictly susceptible of personal knowledge. Although he said that he knew there were no incumbrances, this was but a strong expression of his belief or conviction upon a matter which was in its nature a matter of opinion or judgment. The plaintiff had no right to rely upon it as an absolute statement of a fact within his knowledge. It could only fairly be understood as a statement of his strong belief, which, from the nature of the case, must be the result of an investigation which might involve, as indeed it did in this case, doubtful questions of law.

We are not called upon to decide whether, if the defendant, knowing that there existed an incumbrance upon the estate, had made the statement he did, he would be liable to an action of

deceit. In this case, having made the statement in good faith and without any fraudulent intent, he is not liable to an action, although it was not true in fact. It follows that the plaintiff has proved no false and fraudulent statements of facts which he can rely upon as the foundation of an action of tort, or which would enable him to rescind the sale and recover back the price paid by him.                    *Judgment for the defendant.*