### BARNARD, RECEIVER, *v.* BLACK.

[No. 13,789. Filed January 31, 1930. Rehearing denied April 24, 1930.]

*U. S. Lesh, R. L. Lowther* and *A. E. Schmollinger,* for appellant.

*Ogden & Swaim,* for appellee.

NICHOLS, J.—Action based upon an intervening petition filed by appellee in the receivership proceedings of the Tuxedo State Bank, in which petition it is averred that appellee opened a checking account in the Tuxedo State Bank on September 24, 1927; that thereafter deposits were made to said account and checks drawn thereon, and, on January 24, 1928, appellee had on deposit in said account, $170.57; that, on said date, appellee drew on said account $65, leaving a balance therein of

$105.57; that said bank was then open for business and was held out and represented to the public and to its customers by its officers and agents as being solvent and qualified to accept deposits; that appellee, relying on said representations, then made a deposit in said bank of $14,640; that said bank on said day was insolvent and was known to be insolvent by its officers and employees who accepted said deposit from appellee; that said deposit was accepted from appellee by such officers and agents with the intent and purpose of defrauding appellee; that said deposit so accepted from appellee was credited to her checking account in said bank and was then immediately transmitted to the Indiana National Bank where it was deposited to the credit of said Tuxedo bank; that, on the night of February 1, 1928, the Tuxedo bank was closed on the order of the State Bank Examiner; and, on February 7, 1928, appellant was duly appointed as receiver of such bank and duly qualified as such; that, at the time said bank was closed, the said deposit of appellee was still in its assets, which were held by the Indiana National Bank; that appellee's said deposit, by reason of the fraud of the officers, agents and employees of the Tuxedo bank, constituted a trust fund, which continued to belong to appellee after its acceptance by the Tuxedo bank; that, when said deposit was transmitted to and deposited in said Indiana National Bank, such trust was impressed upon the entire funds held by said Indiana National Bank for the Tuxedo bank; that, at the time said Tuxedo bank was closed, it was indebted to the Indiana National Bank in the approximate sum of $38,000; that, at the same time, said Indiana National Bank had in cash and securities of the said Tuxedo bank the total amount of approximately $70,000; that, upon the closing of said Tuxedo bank, said Indiana National Bank held all of the above assets as security for its said debts; that said debt to said Indiana National Bank has

now been paid in full from such cash and securities, and said Indiana National Bank has now turned over to said receiver the balance of the assets held by it, amounting to more than $29,900 in cash and securities; that the balance so turned over to said receiver included the said deposit of this claimant, which had never been withdrawn from said assets; that, after making her said deposit in said Tuxedo bank on January 24, 1928, appellee drew a check to the order of A. B. Saylor for $14,000 on said account; that Saylor was her agent, and that, in so drawing said check and in sending it to him, she was attempting to send him funds to invest for her in certain securities; that said $14,000, however, was never paid by said Tuxedo bank; that she has never received any part of her deposit of $14,640, and that, by reason of the facts as above stated, the general creditors of said Tuxedo bank have no interest in said sum or any part thereof; that said receiver has on hands sufficient funds to pay all the costs of said receivership and to pay all preferred claims in full, but refuses to allow and pay appellee's claim as preferred.

Wherefore, she asks that said receiver be ordered to allow and pay her claim for $14,640 with priority of payment over general creditors and for all other proper relief. There are two other paragraphs of the intervening petition, substantially to the same effect as the first. A trial resulted in favor of appellee, and judgment was rendered accordingly, requiring appellant to pay appellee $14,640 as a preferred claim out of the assets of the Tuxedo bank in his hands before any distribution to the general creditors of said bank. From this judgment, this appeal.

Appellant assigns as error the action of the court in overruling his motion for a new trial, under which he presents that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law,

and, particularly, that the decision to the effect that appellee was entitled to a preferred claim in the amount of $14,640 was not sustained by sufficient evidence and was contrary to law.

There is but little contradiction as to the facts involved, and there is evidence to sustain the averments of the paragraph, as above set out. Under the circumstances as disclosed by the evidence, the court could not find otherwise than that the bank was, at the time that it received appellee's money for deposit, hopelessly insolvent, and that the officers, especially the cashier who received the money, well knew of such condition. It is well settled that where, as here, a bank is hopelessly insolvent and is known to be in such condition by the officers thereof, the receipt of general deposits constitutes such a fraud as to impress such deposits with a constructive trust, and, if such deposits augment the assets of the bank, and can be traced into the hands of a receiver, a preferred claim will be established. 7 C. J. 730; *Hyland* v. *Roe* (1901), 111 Wis. 361, 87 N. W. 252, 87 Am. St. 873; *Raynor* v. *Scandinavian Am. Bank* (1922), 122 Wash. 150, 210 Pac. 499, 25 A. L. R. 716; *Wasson* v. *Hawkins* (1894), 59 Fed. 233; *Windstanley* v. *Second Nat. Bank* (1895), 13 Ind. App. 544, 41 N. E. 956; *State, ex rel.,* v. *Farmers', etc., Bank* (1919), 71 Ind. App. 216, 124 N. E. 501; *Reserve, etc., Ins. Co.* v. *Dulin, Rec.* (1922), 82 Ind. App. 630, 135 N. E. 590; *St. Louis, etc., R. Co.* v. *Johnston* (1890), 133 U. S. 566, 10 Sup. Ct. 390, 33 L. Ed. 683; *Pennington, Rec.,* v. *Third Nat. Bank* (1913), 114 Va. 674, 77 S. E. 457, 45 L. R. A. (N. S.) 781; 1 Michie, Banks and Banking p. 509, §75.

Under the facts of this case, the law is so clearly with appellee, that we deem it unnecessary further to discuss the questions presented.

Judgment affirmed.