MARION H. CLARKE, EX. *vs.* LINCOLN TRUST CO.

APRIL 2, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J.   This is an action of the case in assumpsit to recover the balance due plaintiff's testator, Charles Looff, on his checking account at the time of his death.   After trial by a justice of the Superior Court, jury trial having been expressly waived, decision was rendered for plaintiff for the amount claimed, $6,880.25, with interest.   Defendant has brought the case to this court by its exception alleging as grounds therefor that the decision was contrary to the law and the evidence.

The facts are undisputed.   In January, 1925, Mr. Looff had a checking account with defendant.   Defendant discounted Mr. Looff's promissory note for $7500.   The note was dated January 1, 1925, and was made payable to the order of defendant May 1, 1925.   January 25, Mr. Looff died and plaintiff was appointed executrix of his will.   April 18, the executrix demanded payment of the amount due Mr. Looff.   The demand was refused.   April 26, defendant applied the amount due Mr. Looff, $6,900.67, on account of the payment of his note, leaving a balance of $599.33 due defendant.   The writ in this case was issued April 29, 1925. The estate of Mr. Looff has been adjudged insolvent by the probate court.

The declaration is based upon the above facts. Defendant filed a special plea in which it claimed judgment for the balance of $599.33. The trial justice ruled that defendant could not apply the amount of Mr. Looff's checking account in partial payment of his note which did not become due until after the issuance of the writ and rendered decision for plaintiff. The trial justice relied upon the case of *Tobey* v. *Manufacturers National Bank*, 9 R. I. 236 instead of *Troup* v. *Mechanics National Bank*, 24 R. I. 377, which appeared to him to lay down an inconsistent doctrine.

The principal question presented by the exception is could defendant set off its indebtness to Mr. Looff at the time of his death against his unmatured note, which it then held, after it appeared that his estate was insolvent. This question was answered in the affirmative in the case of *Troup* v. *Mechanics National Bank, supra*, where the essential facts were similar to those in the instant case. In that case the court said, p. 380: "The principle has always been recognized in Rhode Island that an equitable adjustment with each debtor or creditor of claims in favor of and against the insolvent estate of a deceased person takes place as by operation of law as of the time of the insolvent's death, claims not then due being rebated if necessary; and for the purposes of administration only the balances arising from such an adjustment with any individual are considered. . . . The adjustment of claims and counterclaims in the case of an insolvent estate is entirely independent of the provisions of the statute of set-off." Again in *Hall* v. *Greene*, 24 R. I. 286, the court said: "In the case of mutual claims between an insolvent estate and a creditor or a debtor, as we have recently decided in the case of *Troup* v. *Mechanics National Bank*, set-off takes place by operation of law upon principles of equity, and independently of the statute, but the considerations which govern in that case have no application to an estate which is solvent." *Tobey* v. *Manufacturers National Bank, supra*, is distinguishable from the instant case because it appeared in that case the executors

had reduced the deposit of the testator to their possession and were accountable for the deposit to the estate of the testator and it was held that the bank could not be allowed to set-off a debt due to it from the testator against the deposit due the executors on account of the lack of mutuality of claims. The principle of equitable adjustment of mutual claims was not considered by the court.

In Massachusetts it is well settled that ordinarily a bank has a right to apply a deposit towards the payment of its claims against the depositor although he or his estate is insolvent. *Laighton et al* v. *Brookline Trust Co.*, 225 Mass. 458. A recent case in Connecticut, *Sullivan* v. *Merchants National Bank*, 144 A. 34, held that on equitable principles and not under the statute of set-off, a bank might set off against an insolvent decedent's deposit notes of insolvent not due at his death. See also 7 C. J. 656; 3 R. C. L. 593.

Defendant claims that it is entitled to judgment for the balance due it on testator's note after setting off the amount of his deposit. This claim cannot be allowed because defendant did not file and prove its claim for the balance due as required by the provisions of Chapter 365, G. L. 1923.

In *Troup* v. *Mechanics National Bank*, *supra*, the court pointed out the distinction between debtors and creditors of an insolvent estate and said that "One who owes the estate more than the estate owes him is a debtor; one who claims of the estate more than he owes it is a creditor, and must prove his claim or be barred of any action for the recovery of it".

Defendant's exception is sustained. Plaintiff may appear before this court April 7, 1930, and show cause, if any she has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for defendant.

*Thomas F. Farrell* for plaintiff.
*Pettine, Godfrey & Cambio, Arthur H. Feiner* for defendant.