BARGER *v.* STULTS, RECEIVER, ET AL.

[No. 13,972. Filed September 4, 1930. Rehearing denied December 11, 1930. Transfer denied January 22, 1931.]

*George Mock,* for appellant.
*Abram Simmons* and *Virgil M. Simmons,* for appellees.

REMY, J.—Appellant filed his claim with appellee as receiver of the Wells County Bank, setting up that, at 2:30 o'clock p. m. February 11, 1929, he deposited with the bank the sum of $383.99, for which amount the bank, at the time, executed and delivered to him a certificate of deposit; that, at 3 o'clock p. m. of the same day, the bank closed, and was, by the bank commissioner of the state, denied permission thereafter to open for business. Prayer that the amount of the certificate be allowed as a preferred claim. Treating the verified claim as an intervening petition, the receiver caused it to be docketed

and, in answer thereto, filed his denial. At a trial of the cause, the court, upon request, found the facts specially and stated its conclusions of law thereon to the effect that there was due appellant the full amount of his claim, which sum should be allowed as a general and not a preferred claim. Judgment was so rendered.

The one question presented by this appeal is whether, under the facts found, the court erred in holding that appellant's claim was not entitled to preference.

The findings of the court are, in substance, that, on February 11, 1929, the bank received from appellant the deposit and issued to him the certificate, all as set forth by appellant in his claim as filed with receiver; that, 30 minutes after the deposit was made, the bank was closed for the day; that, February 12, being a legal holiday, the bank was not opened; and that, on the morning of February 13, 1929, the State Bank Commissioner, asserting that the bank was insolvent, took possession of the bank and its assets and continued in charge thereof until March 7, 1929, when possession was surrendered to appellee, who had been appointed receiver thereof.

It is well established that a general deposit of money in a bank creates the relation of debtor and creditor, and that the amount so deposited becomes the property of the bank. *McLain* v. *Wallace, Rec.* (1885), 103 Ind. 562, 5 N. E. 911; *Board* v. *Peoples Sav. Bank* (1912), 53 Ind. App. 185, 101 N. E. 325. Appellee asserts that, such being the law, it necessarily follows that, under the facts found by the court in this case, the relation of debtor and creditor between the bank and appellant was created when the deposit was made; that, after the deposit, the money deposited was the property of the bank, in lieu of which appellant had received the bank's obligation—the certificate of deposit. Appellant concedes the law to be as stated, but contends that, under the facts and circumstances alleged by appellant and

found by the court, the officers of the bank must necessarily have known of the bank's insolvency at the time the deposit was received, and that, if they did have such knowledge, the acceptance of the deposit was fraudulent, and, if fraudulent, a trust was thereby created in favor of appellant, and appellant would be entitled to have his claim allowed as a preferred claim.

Unfortunately for appellant, the issue of fraud was not presented by the pleadings. There is no allegation in the complaint charging fraud against the Wells County Bank or any of its officers, and there is no allegation in the complaint that appellant relied upon any representations or that he was injured because of any fraudulent representation or action of the Wells County Bank. In other words, the theory of the complaint is not one of fraud. The court was not, therefore, called upon to make a finding on that issue, and none was made. There was, in fact, no finding that the bank was insolvent at the time the deposit was made and the certificate issued. The case of *Barnard* v. *Black* (1930), 91 Ind. App. 283, 169 N. E. 872, is readily distinguishable. In that case, the claimant in her petition charged, and the evidence showed, fraud on the part of the bank official who received the deposit.

Trial court did not err in its conclusion of law.