COMMISSIONER OF BANKS *vs.* FABRIZIO PITOCCHELLI & others.

Suffolk. May 22, 1931. — June 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bank*, Liquidation: amendment of claim of creditor. *Insolvency. Trust*, Constructive. *Receiver. Fraud. Equity Pleading and Practice*, Master: findings.

After the appointment of a receiver in proceedings against a private banker under G. L. c. 169, § 11, a single justice of this court made an order limiting the time for filing proofs of claims with the receiver by creditors and prohibiting actions by creditors after a date set. A creditor filed a proof of claim three and one half months before that date. Five months after that date, the creditor filed a petition for leave to amend the proof of claim in order to set forth priority and for leave to file against the receiver and the banker a suit in equity to impress a constructive trust in the creditor's favor upon funds in the hands of the receiver to a certain amount on the ground that a loan to that amount by the creditor had been procured by the banker by fraud. A master found that the creditor knew that the bank would be closed if the loan was not secured; that, while the banker knew of the insolvent condition of his business, he honestly believed that conditions would improve, that the value of his property would increase and that ultimately he would be able to meet his obligations; and that there was no fraud. The prayers of the petitions were denied. *Held*, that

(1) The single justice had power to fix a time after which no claim was to be filed or action begun; and, in denying the petitions, he was exercising his discretion, which should not be reversed unless plainly wrong;

(2) The master's conclusion that there was no fraud was warranted;

(3) Mere insolvency of the banker and knowledge thereof by him were not sufficient to establish a constructive trust in the creditor's favor in view of the banker's honest belief that he would be able to meet his obligations;

(4) No error of law nor abuse of discretion appeared in the denial of the prayers of the creditor's petitions.

The conclusion by the master in the proceedings above described that there was no fraud on the part of the banker was *held* not to be inconsistent with his subsidiary findings.

APPLICATION under G. L. c. 169, § 11, filed by the commissioner of banks in the Supreme Judicial Court for the county of Suffolk on November 27, 1928, against Fabrizio Pitocchelli.

A receiver was appointed. On February 12, 1929, Louis Pitocchelli, Pasqualina Pitocchelli, Sabatino Pitocchelli, Grazia Pitocchelli, Felice Mancini and Crouce Antonelli filed a proof of claim with the receiver. On November 1, 1929, they filed petitions for leave to amend the proof of claim in order to "set forth priority," and for leave to bring a suit in equity against the receiver and Fabrizio Pitocchelli. The petitions were referred to a master. Material findings by him are described in the opinion. By order of *Sanderson,* J., there were entered interlocutory decrees confirming the master's report and denying the two petitions. The petitioners appealed from all the decrees.

*F. L. Simpson,* (*R. A. A. Comparone* with him,) for the petitioners.

*F. D. Bonner,* for the respondent.

CARROLL, J. Fabrizio Pitocchelli, prior to November 27, 1928, was engaged in a so called private banking business under G. L. c. 169, and subject to the supervision of the commissioner of banks. On that date, on proceedings begun by the commissioner, a receiver was appointed. G. L. c. 169, § 11.

On February 5, 1929, it was ordered by a single justice of this court that no claimant shall be entitled to share in the distribution of the assets of Fabrizio Pitocchelli in the hands of the receiver unless he shall present to the receiver on or before June 1, 1929, legal proof of his claim; this proof was to state the nature of the claim, "whether as a simple creditor, for a priority or for a claim against any particular fund or property in the hands of the receiver," and the grounds, if any, differentiating the claim from that of a

general creditor, and no suit or action was to be brought for the purpose of establishing rights to any of the property of Pitocchelli in the hands of the receiver after June 1, 1929. On February 12, 1929, the petitioners filed with the receiver a claim for $25,850.70 "on account of a loan extended to the said Fabrizio Pitocchelli."

On November 1, 1929, the petitioners filed two petitions, one to amend the claim filed February 12, 1929, by claiming priority; and the other for leave to file a bill in equity against the receiver and Fabrizio Pitocchelli, alleging in effect that when Fabrizio was hopelessly insolvent, and knowing this, he fraudulently represented to the petitioners that he was solvent, that he falsely and fraudulently represented to them that his equity in real estate was more than sufficient to pay his debts, that these representations were made to induce the petitioners to furnish $25,000, and praying that the receiver be restrained from diminishing funds below $25,000, that he be ordered to accept "a new claim setting forth right to priority," that the funds in the hands of the receiver be impressed with a "constructive trust in favor of your petitioners to the amount of $25,000." Both petitions were referred to a master. The objections to the master's report were overruled and his report was confirmed. Decrees were entered denying the petition to file an amended claim and denying the petition to file a bill in equity. The petitioners appealed.

The master found that an attorney at law, Piazza, prepared the original proof of claim, caused it to be signed by the petitioners and filed it with the receiver on February 12, 1929; that although two of the petitioners had no personal knowledge of the decree limiting the time for filing claims, their attorney had read a copy of the decree limiting the time to June 1, 1929.

The court had power to fix a time in connection with the liquidation of the bank, after which no claim was to be filed or suit begun. *Suffolk Knitting Mills* v. *Cosmopolitan Trust Co.* 252 Mass. 394. *United States of America* v. *Commissioner of Banks*, 254 Mass. 173. The single justice, in denying the petitions to file an amended claim and bring a suit in equity,

was exercising his discretion, and this discretion will not be reversed unless plainly wrong.

Considering the case on its merits, there was no error of law in denying the petitions. The time for filing claims with the receiver expired on June 1, 1929. The original proof of claim was filed on February 12, 1929. It was not until November, 1929, that the amended claim was filed. The master found that the respondent did not intend to falsify his condition in order to induce the petitioners to make the loan; that the loan was not obtained by false and fraudulent representations of the respondent; that Sabatino and Louis Pitocchelli are brothers of the respondent; that the petitioners Pasqualina and Grazia are the wives of Louis and Sabatino, respectively; that Grouce Antonelli is the surviving husband of a deceased sister of the Pitocchellis, and that Felice Mancini, also a petitioner, is a brother-in-law of Sabatino. It appeared that in 1928 the bank examiner informed the respondent that his business was not being conducted successfully; and, because his real estate was being operated at a loss, the bank commissioner requested him to obtain at least $25,000 additional cash. Sabatino was told that the respondent needed $25,000 to meet the reserve, and Sabatino and Louis asked how the money could be procured. They were told to call on the Lawrence banks. They were informed by the respondent that he believed the real estate market would improve, that he would be able to dispose of his real estate and prevent the closing of the bank. Finally Sabatino and Louis, accompanied by a friend of the family, arranged with a trust company of Lawrence for the loan of $25,000. It was then stated by the respondent to the president of the trust company making the loan, in the presence of Sabatino and Louis, that the bank examiner said that the reserve in his bank was very low and that unless $25,000 was procured he could not continue business. The trust company gave to Louis a certificate of deposit for $25,000 in the name of the respondent which was delivered to him later by Louis. A note for this amount, dated March 22, 1928, was given to the trust company, signed by the petitioners, and later

a mortgage securing the note was given to the trust company, signed by Louis and Sabatino and their wives.

The master found that while the respondent in March, 1928, knew of the insolvent condition of his business, he honestly believed that industrial conditions in Lawrence would improve, that the value of his property would increase, "that ultimately he would be able to meet his obligations." It further appeared that on March 20, 1928, three disinterested real estate experts made a report that the real estate of the respondent at the time had no sale value, but that the fair market value of the real estate under normal conditions was $60,000 more than that carried on the books of the bank; that the respondent believed the real estate market would improve and that he would be able to meet his obligations.

On these findings of the master the petitions were denied properly. It was known to Sabatino and Louis, who apparently acted for the petitioners, that the loan was necessary if the respondent was to carry on the bank; they knew that the bank would be closed if the loan was not secured. The findings of the master show that the respondent became involved because of the business depression, that he honestly hoped that business would improve and expected to be able to pay his obligations. On the findings of the master it is clear there was no conscious attempt to deceive; but, on the contrary, that the respondent thought that business would improve and he had a reasonable expectation that he could pay his debts. See *Page* v. *Bent*, 2 Met. 371; *Watson* v. *Silsby*, 166 Mass. 57, 61.

The facts that the respondent knew he was insolvent when the loan was made and that the receiver took possession and cashed the certificate of deposit are not enough to give the petitioners a special equity or to establish a constructive trust. The honest belief of the respondent that he could ultimately pay his debts was found as a fact. He had a reasonable hope that business would improve. Mere insolvency is not enough to impress a trust on a fund when it is believed that the loan would enable the bank successfully to conduct its business. *Steele* v. *Commissioner*

*of Banks,* 240 Mass. 394.   See *Central Automobile Tire Co.*
v. *Commissioner of Banks,* 252 Mass. 363.

The petitioners argue that the conclusions of the master
that there was no fraud are inconsistent with. his subsidiary
findings.   We are of opinion that the findings of the master
are consistent throughout.   The respondent told his brothers
when they first consulted with him about the loan that his
business was good.   This statement was made when they
were informed of their brother's business troubles and the
shortness of his reserves.   He then explained that his money
was invested in real estate.   There is not enough in this
finding to destroy the force of the master's general con-
clusion of the respondent's honesty, nor do we find anything
in the other subsidiary findings in conflict with the master's
findings that the respondent did not obtain the loan by
means of fraudulent representations.

The decrees overruling the petitioners' exceptions and
confirming the master's report, as well as the decrees deny-
ing the petitions to file an amended claim and file a bill of
complaint, are affirmed with costs.

*Ordered accordingly.*