KELLOGG *v.* WOLCOTT, RECEIVER, ET AL.

[No. 14,597.   Filed February 13, 1935.]

*Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellant.

*Elliot, Weyl & Jewett,* for appellees.

CURTIS, J.—The State Savings and Trust Company was a trust company organized under the laws of the State of Indiana and also doing a general banking business.

In an action by the State of Indiana on the relation of the Bank Commissioner, a receiver was appointed for the said bank in the Marion circuit court. The appellant, Forest B. Kellogg, filed his verified intervening petition in said cause in which it was in substance alleged: That shortly before the bank was closed he made large deposits in the bank and that at the time he made his deposits it was represented to him by the officers and agents of the bank that it was solvent and in good condition, when in fact it was insolvent and known to be insolvent by the officers and directors of the bank, and that the representations of the officers and agents were not true and known to be untrue by them; that the money deposited by the appellant was commingled with a fund and augmented the assets of the bank in the amount of the deposit and that the fund into which it was commingled remained in the bank until it closed and then came into the hands of the receiver, and appellant asked that each of the deposits made by him under the facts alleged, be declared to be a preferred claim.

A trial was had before the court, resulting in a finding that the claim was entitled to be allowed as a general claim but that no part of it was entitled to be allowed as a preferred claim. Judgment was entered accordingly. A motion to modify the judgment so as to allow each of the deposits as a preferred claim was filed which was overruled with an exception, whereupon a motion for a new trial was filed, which was overruled

with an exception. From the said judgment the appellant appealed to this court.

The intervening petition of the appellant was in four paragraphs. The first paragraph alleges the corporate organization of the defendant bank; that the plaintiff was a depositor in the bank during the month of April, 1930; that he had a savings account there; that it was represented to the appellant by the officers and directors of the bank that the bank was solvent; that on the 18th day of April, 1930, the appellant deposited $20,500.00 in his savings account and that said deposit increased the cash assets of the bank in said sum; that on said date it was insolvent and known to be insolvent by its officers, agents and employees but was represented to plaintiff to be solvent and that his deposit was accepted with the intent of defrauding him; that on the 24th day of April, 1930, the bank was closed and thereafter, Eben H. Wolcott was appointed receiver and duly qualified as such; that at the time the bank was closed, the appellant's said deposit was still among the assets of the bank and was taken possession of by the receiver and that by reason thereof his deposit was impressed with a trust and entitled to be allowed as a preferred claim.

The second paragraph alleges the same facts as to the condition of the bank with the representations and allegations that on the 12th day of April, the appellant deposited in an account entitled "Kellogg Building Account" the sum of $25,630.10. This paragraph is the same as the first paragraph except as to the amount of the deposit and the account in which it was deposited. The third paragraph alleges the same facts as the first and second paragraphs except that it alleges that the appellant had a joint account by himself and his wife in the bank and that during April, 1930, he deposited $1,514.85 in said joint account. The other allegations

of this paragraph are the same as the first and second paragraphs. The fourth paragraph alleges the deposits and alleges the same facts as in the other paragraphs except that the allegations of fraud in the acceptance of the deposit are more specific. To the said intervening petition of the appellant the receiver filed an answer in general denial.

Upon the issues thus joined the matter was tried before the court. The evidence was heard and concluded and the court found that no part of the claim of the appellant should be allowed as a preferred claim, but that it should be allowed as a general claim in the total sum of $27,025.17.

The errors assigned and relied upon for reversal are as follows:

"1. The trial court erred in overruling the appellant's motion for a new trial of the issues formed by the appellant's intervening petition and the answer of the receiver thereto.
(a) The decision of the trial court is contrary to law.
(b) The decision of the court is not sustained by sufficient evidence.
"2. The trial court erred in overruling the appellant's motion to modify the judgment.
"3. The trial court erred in refusing to allow each item of appellant's claim as a preferred claim."

The second cause or ground of the motion for a new trial, that the decision of the court is not sustained by sufficient evidence, is sufficient to present all questions. The other alleged errors need not be considered separately.

We feel that there is some confusion in the decided cases as to the rules to apply to the determination of the question presented and that a statement of the law governing the case may be useful. In determining whether or not what would ordinarily be a general deposit (such as the deposit in the

instant case) is such a deposit or whether it will be considered in law as impressed with a constructive trust, we think the rule to be as follows: If the deposit be a general deposit the relation of debtor and creditor arises by operation of law between the bank and the depositor and such relation will be allowed to stand, unless fraud either active or constructive enters into the transaction at the time the deposit is made. It is only when the bank or its officers or agents acting for it obtains the deposit through fraud that the depositor has the right to rescind the implied contract of debtor and creditor and to have the deposit treated as a constructive trust which would be the basis for a preferred claim. The usual rules governing the recission of a contract on the ground of fraud will prevail. Whether or not a general deposit induced by fraud would ripen into a preferred claim would depend upon a showing that the deposit augmented the assets of the bank and is traced into the hands of the receiver.

In the border zone between solvency and insolvency of a going bank such as the one in the instant case there must of necessity, in many instances, be a realm of doubt as to such solvency where reasonable minds might differ, and in which situation those called upon to act for the bank should be held to no greater duty than to use their sound, honest judgment. If they use such judgment the idea of fraud would be negatived. A general deposit under such circumstances would remain a general deposit. If, however, the insolvency is so hopeless as to be apparent to the mind of a reasonable person, then under such circumstances, the decision of those whose duty it was to act, if they reach a contrary conclusion, might amount to constructive fraud or fraud in law even though there was no fraudulent intent on the part of those so acting. Of course, if a bank is insolvent and such insolvency is

known to its officers who act for it and a general deposit is accepted by the bank under such circumstances, such a deposit would be impressed with a constructive trust in favor of the depositor. The trial court heard the evidence and concluded that the deposits in the instant case were made under such circumstances as that the appellant's claim based thereon was a general claim only. We think that there is an abundance of evidence to sustain the decision of the court.

On the question of knowledge of insolvency at the time the appellant's deposits were received the officers and directors testified that they had no such knowledge. The appellant attempted to meet that situation by insisting that they must have known or were bound to know that the bank was insolvent. Under the facts disclosed by the record herein the solvency or insolvency of the bank at the time the deposits were made was a question of fact for the trial court as was also the question of knowledge or lack of such knowledge on the part of the officers and directors of the bank. We are unable to say as a matter of law, that the decision reached by the trial court is not sustained by sufficient evidence or that it is contrary to law. We have been aided by the following cases: *Barnard, Rec.* v. *Black* (1930), 91 Ind. App. 283, 169 N. E. 872; *Barger* v. *Stultz, Rec., et al.* (1931), 92 Ind. App. 87, 172 N. E. 549; *Olinger* v. *Sanders* (1931), 92 Ind. App. 358, 174 N. E. 513; *Steele* v. *Comm'r. Banks, etc.* (1922), 240 Mass. 394, 134 N. E. 401; *Commissioner Banks* v. *Pitocchelli* (1931), 276 Mass. 201, 176 N. E. 774.

We have found no reversible error. Judgment affirmed.