503 P.2d 1043 (1972)
In the Matter of the Estate of Albert E. SHARPE, Deceased, Petitioner-Appellee,
v.
METROPOLITAN NATIONAL BANK, Respondent-Appellant.
No. 72-122.
Colorado Court of Appeals, Div. II.
December 12, 1972.
*1044 Butler, Lepore, Landrum and Pierce, P. C., Robert G. Pierce, Denver, for petitioner-appellee.
Joseph R. Marranzino and Leo Gemma, Jr., Denver, for respondent-appellant.
Selected for Official Publication.
COYTE, Judge.
The administratrix of the decedent's estate filed a complaint against the bank seeking a judgment against the bank or in the alternative an order of court requiring the bank to turn over money held by the bank in a checking account of decedent, which sum the bank had set off against an outstanding loan of decedent. The bank counterclaimed alleging fraud by decedent in obtaining the loan.
In December 1969, the decedent borrowed $4,000 from the bank and signed a note for that sum, which note was to mature on March 17, 1970. The decedent died on February 6, 1970, having $1,610.28 in a checking account with the bank. The bank subsequently applied the amount on deposit to the obligation represented by the note and, on April 16, 1970, filed a claim against the estate for the balance of the note. On November 23, 1970, the administratrix filed her complaint. She alleged that the estate was insolvent. The bank deposit of $1,610.28 was shown as an asset of the estate and the note due the bank was shown as a fifth-class claim. The court at the conclusion of the trial found that decedent's estate was insolvent and that the bank's claim was a claim of the fifth class pursuant to C.R.S.1963, 153-12-2. It also found that the intent of the above statute was to provide for distribution of the decedent's estate in accordance with the classifications of claims set forth in the statute and that, if the bank were allowed to set off the deposit against its fifth-class claim, the result would be contrary to the apparent legislative intent. Judgment was entered against the bank in the amount of $1,610.28. The court entered an order dismissing the counterclaim because the bank had failed to sustain its burden of proof. The bank brings this appeal. We reverse.
Ownership of the $1,610.28 was transferred to the bank when the decedent deposited the funds in his checking account. Cox v. Metropolitan State Bank, 138 Colo. 576, 336 P.2d 742. At the time of his death decedent was therefore a creditor and also, because of the loan, a debtor of the bank. Conversely, the bank was both debtor and creditor of the decedent. The right of setoff arose from the mutual demands and obligations of this debtor-creditor relationship. Kasparek v. Liberty National Bank, 170 Okl. 207, 39 P.2d 127.
Colorado has provided for the right of setoff of deposits in joint accounts in C.R. S.1963, 14-3-6, wherein it is stated:
". . . the bank shall have the right of set-off against such deposit to the extent *1045 thereof to collect a debt owed to the bank by any joint depositor, which right shall not be affected by death . . . ."
This statute is an extension of the bank's common law right of setoff which has been long recognized in Colorado. The rule is stated in Sherberg v. First National Bank, 122 Colo. 407, 222 P.2d 782:
"The correct rule with respect to the right of set-offs by banks is well stated in the recent case of American Surety Co. v. de Escalada, 47 Ariz. 457, 56 P.2d 665. We quote from paragraph 2 of the syllabus: `Generally, where bank has in its possession assets of debtor, bank may apply these assets to payment of a matured debt or, in case of insolvency of debtor, to an unmatured one, but such right may be controlled by any special agreement which shows a different intent or where circumstances or particular modes of dealing are inconsistent with such right.'"
No special agreement or unusual circumstance exists to defeat the bank's right of setoff in the present case. At the time of the proceedings on the complaint, the setoff was justified by the insolvency of the estate regardless of the maturity of the note. Sherberg v. First National Bank, supra. See Annot., 7 A.L.R.3d 908. No special circumstances being present to defeat the right of setoff, we hold that the bank account of the decedent may be set off by the bank against the obligation owed to the bank by the decedent's insolvent estate.
Since the bank, in its counterclaim, sought no more than is accorded it by virtue of our decision relative to its right of setoff, we need not consider issues raised in regard to the dismissal of that claim.
Judgment reversed.
DWYER and PIERCE, JJ., concur.