480 N.E.2d 964 (1985)
First National Bank, MARTINSVILLE, Respondent-Appellant,
v.
AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY, Executor of the Estate of D. Eugene Rubeck, Deceased, Petitioner-Appellee.
No. 1-1284A307.
Court of Appeals of Indiana, First District.
July 23, 1985.
Rehearing Denied September 10, 1985.
*965 Mark Peden, Foley, Foley & Peden, Martinsville, for appellant.
Len E. Bunger, James L. Whitlatch, Bunger, Harrell & Robertson, Bloomington, for appellee.
RATLIFF, Presiding Judge.

STATEMENT OF THE CASE
First National Bank, Martinsville (First National) appeals from a judgment ordering it to deliver over to American Fletcher National Bank and Trust Company, as Executor of the Estate of D. Eugene Rubeck, deceased (Executor), all monies held by First National in a certain checking account number XXX-XXXXX as an asset of the estate of Rubeck. We reverse.

FACTS
The facts as stipulated by the parties and found by the trial court reveal that D. Eugene Rubeck on June 16, 1984, the date of his death as a result of an automobile accident, had a checking account with First National with a balance of $132,232.11. Rubeck was indebted to First National on a note executed on January 6, 1984, and due July 6, 1984, in the amount of $195,000. The note provided that "if at anytime the Bank for any reason deems itself insecure, then in such event, the entire amount of this shall, at the option of the holder thereof, immediately become due and payable, without notice or demand ..." The note also provided that "[u]nder applicable law, the Bank may have the right to apply deposit balances of the borrower to the payment of this obligation."
At the time of Rubeck's death, the note was not due and was not in default. First National had not deemed itself insecure, had not exercised its option to declare the entire amount of the note immediately due and payable, and had not exercised its right of set-off.
When the Executor came to First National on July 6, 1984, for the purpose of transferring the balance in Rubeck's checking account to the estate account, First National refused, advising the Executor it deemed itself insecure and was exercising its right of set-off. Executor then petitioned the court having jurisdiction over the administration of Rubeck's estate for an order to require First National to turn over the balance in the checking account to the Executor. The court granted the petition.
Rubeck's estate probably is insolvent.

ISSUE
The issue presented for our decision, which we have restated, is:
Does a bank have a right to set-off a deposit against an unmatured debt owed it by a deceased insolvent debtor?

DISCUSSION AND DECISION
We begin our determination of the issue in this case with a consideration of the relationship existing between a bank and its depositor. Money deposited in a checking account in a bank becomes the property of the bank and the bank becomes the debtor of the depositor. Ogle v. Barker (1946), 224 Ind. 489, 68 N.E.2d 550; Citizens National Bank of Whitley County v. Mid-States Development Company (1978), 177 Ind. App. 548, 380 N.E.2d 1243; Barger v. Stults (1930), 92 Ind. App. 87, 172 N.E. 549, trans. denied. This is the general rule. In 10 Am.Jur.2d, Banks, § 339 (1963) it is stated that it is "a fundamental rule of banking law that in the case of a general deposit of money in a bank, the moment the money is deposited it actually becomes the property of the bank, and the *966 bank and depositor assume the legal relation of debtor and creditor."
It is also clear, and the parties concede, that a bank has a right of set-off against the depositor's account for an indebtedness of the depositor to the bank. American Fletcher National Bank v. Flick (1969), 146 Ind. App. 122, 252 N.E.2d 839, trans. denied. See also Citizens National Bank of Whitley County, 177 Ind. App. at 557, 380 N.E.2d 1248-49, n. 8 where it is stated: "When the depositor becomes indebted to the bank, a mutual debtor-creditor relationship arises that justifies a bank's right of set-off, i.e., a self-help device for extinguishing mutual debts. This right arises by operation of law..."
Executor concedes the bank's right of set-off generally but argues that Rubeck's death extinguished First National's right of set-off. According to Executor, when Rubeck died, the balance in his checking account became an asset of his estate, and First National was left to its remedies as a claimant against the estate under Indiana Code section 29-1-14-1, and subject to the priority schedule of Indiana Code section 29-1-14-9. Executor contends the provisions of Indiana Code section 29-1-13-1 requiring the personal representative of a decedent's estate to take possession of all the property of the decedent required that the balance in checking account be released to Executor. Although Executor's argument is appealing, it is contrary to the weight of authority.
The precise issue before us has never been decided in Indiana. However, courts in many other jurisdictions have faced squarely the question of the bank's right of set-off against the account of a deceased depositor. In the case of solvent estates, no problem is presented because the bank will be repaid fully either by set-off or by claim against the estate. 10 Am.Jur.2d, Banks, § 671 (1963). The trouble arises in the case of an insolvent estate. Id. In such cases, there are two lines of authority, one which upholds the bank's right of set-off of an unmatured debt while the other denies it. Id. However, the weight of authority supports the view that a bank may set off a deposit against the unmatured debt of a deceased depositor where the estate is insolvent, 7 A.L.R.3d 914 (1966). Among cases adhering to this majority view are Ames Trust and Savings Bank v. Reichardt (1963), 254 Iowa 1272, 121 N.W.2d 200, 7 A.L.R.3d 900; Ohio Valley National Bank of Henderson v. Edwards (1973), Ky., 492 S.W.2d 195; Estate of Sharpe v. Metropolitan National Bank (1972), 31 Colo. App. 511, 503 P.2d 1043; Thomas v. National Bank of New Jersey (1938), 16 N.J. Misc. 271, 198 A. 539; Clarke v. Lincoln Trust Co. (1930), 50 R.I. 493, 149 A. 592.
Cases supporting the contrary view are: In re Schenck's Estate (1970), 63 Misc.2d 721, 313 N.Y.S.2d 277; Vosburgh's Estate (1924), 84 Pa.Super. 10; Horigan Realty Co. v. First National Bank (1925), Mo. App., 273 S.W. 772.
In Estate of Sharpe, the decedent borrowed $4000 from the bank on a note due on March 17, 1970. He died on February 6, 1970, having $1610.28 in a checking account which the bank applied to the note. The administratrix sued to recover the $1610.28 claiming it as an asset of the estate. The Colorado Court of Appeals in reversing a trial court judgment in favor of the Administratrix upheld the bank's right of set-off under a Colorado statute granting bank's a right of set-off "which right shall not be affected by death." The court said the statute was merely an extension of the common law right of set-off,[1] and stated at 503 P.2d 1045:

*967 "The rule is stated in Sherberg v. First National Bank, 122 Colo. 407, 222 P.2d 782:
`The correct rule with respect to the right of set-offs by banks is well stated in the recent case of American Surety Co. v. de Escalada, 47 Ariz. 457, 56 P.2d 665. We quote from paragraph 2 of the syllabus: "Generally, where bank has in its possession assets of debtor, bank may apply these assets to payment of a matured debt or, in case of insolvency of debtor, to an unmatured one, but such right may be controlled by any special agreement which shows a different intent or where circumstances or particular modes of dealing are inconsistent with such rights."'
"No special agreement or unusual circumstance exists to defeat the bank's right of setoff in the present case. At the time of the proceedings on the complaint, the setoff was justified by the insolvency of the estate regardless of the maturity of the note. Sherberg v. First National Bank, supra. See Annot., 7 A.L.R.3d 908. No special circumstances being present to defeat the right of set-off, we hold that the bank account of the decedent may be set off by the bank against the obligation owed to the bank by the decedent's insolvent estate."
In Ames Trust, the decedent, Reichardt, owed the bank $3000 on a note which matured on September 5, 1962. He died on March 21, 1962. The estate was insolvent. The bank was allowed to set-off a $2583.45 balance in decedent's checking account against the note. The court rejected the estate's argument that such was unfair to other creditors as without merit, holding that the equity of the general creditor is in the balance remaining after the set-off.
In Ohio Valley National Bank v. Edwards, the decedent had $9735 on deposit at the date of his death. He owed the bank two notes totalling $21500 due two months later. The bank had no inkling of insolvency and allowed the executrix to transfer the account and pay some bills. When the notes became due, the bank was informed the estate probably was insolvent, and the executrix then sought to settle the estate as insolvent. The account balance then was $7601.75, and the bank asserted its right of set-off. The Kentucky Court of Appeals noted it was agreed that at the time of death the bank had a right of set-off. The court then observed that whatever right a bank has to a set-off where the estate is insolvent depends upon equitable principles. The court found no equities favoring other creditors, or acts of the bank of such a nature that it would be unequitable to allow a set-off. Thus, the bank's right of set-off was upheld.
Although the weight of authority recognizes the bank's right of set-off in cases such as this, there are cases which have reached an opposite result. The New York court in In re Schenck's Estate held that a bank is not entitled to have funds on deposit in the decedent's account set-off as against its own unmatured debt when so doing would give it a preference over other creditors. The Schenck's Estate court declared that upon the decedent's death, the balance in his account became a general asset of his estate.
Pennsylvania is another jurisdiction following the minority view. In Vosburgh's Estate, it was held that if the decedent was insolvent when his estate passed into the hands of the law, a debt owing by him at the time of his death, but not then due, cannot be set off against a debt then actually due him. This same rule was recognized in Southwark National Bank v. Beck (1929), 98 Pa.Super. 213, but the court there held that the parties may by contract provide for such set-off.[2]
In Horigan Realty Co., it was held that the deposit of a decedent may not be applied to a note not yet due. The court *968 there stated: "During the lifetime of Flynn [the decedent], the defendant [bank] had the right to offset one claim against the other, but Flynn's death closed the account as between him and the bank." 273 S.W. at 772.
Our consideration and analysis of the cases leads us to adoption of the view expressed in the majority of the cases. We believe those cases most closely adhere to the true relationship between the bank and its depositor. The holding in In re Schenck's Estate that upon death the balance in the decedent's account became a general asset of the estate apparently flows from a belief that the decedent owned the money in the account. As we have demonstrated, that is not true. The bank became the owner of the money upon its deposit and a relationship of debtor-creditor was created between the bank and the depositor. Ogle, 224 Ind. at 501, 68 N.E.2d at 556; Citizens National Bank of Whitley County, 177 Ind. App. at 557, 380 N.E.2d at 1248; Barger, 92 Ind. App. at 89, 172 N.E. 549. Thus, when Rubeck died, his estate was entitled to recover, as an asset of his estate, what First National owed him, which was the balance of his account less his indebtedness to First National. Ames Trust and Savings. Unfortunately, in this case, that amount was a minus figure.[3]
We determine to follow the weight of authority. We do not find any statutory provision in our Probate Code which demands otherwise. No facts were stipulated by the parties or found by the court which tip the equities of the case against First National. Thus, we hold, under the facts of this case, First National properly claimed its right of set-off and the decision of the trial court is in error.
Judgment reversed.
NEAL and ROBERTSON, J., concur.
NOTES
[1] For further authority that the right to set-off exists independently of statute, see Jeter v. Citizens National Bank (1967), Tex.Civ.App., 419 S.W.2d 916, 918, where the court quoting from VanWinkle Gin & Machinery Co. v. Citizens' Bank of Buffalo (1896), 89 Tex. 147, 33 S.W. 862, said:

"The relation of the bank to its depositor is that of debtor and creditor, and its right to offset its indebtedness to the depositor against the indebtedness of the latter to it is of an equitable nature, intended for its protection, and does not depend upon any statute in relation to offsets."
[2] The note here granted First National a right of set-off. Thus, arguably, even the Pennsylvania courts, under Southwark National Bank would allow the set-off here because of the express provision in the note granting such right.
[3] Of course, First National may only recover on its excess claim by filing a timely and proper claim against Rubeck's estate and recovering its proportionate share in the settlement of the insolvent estate as provided by statute.